1  HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
   KURT A. FRANKLIN - 172715
2  SARAH D. MOTT - 148597
   425 Market Street, 26th Floor
3  San Francisco, CA  94105
   Telephone:      (415) 777-3200
4  Facsimile:      (415) 541-9366
   kfranklin@hansonbridgett.com
5  smott@hansonbridgett.com

6  Attorneys for Defendants
   HARVEST REDWOOD RETIREMENT RESIDENCE,
7  L.L.C., doing business as Redwood Retirement Residence,
   RETIREMENT RESIDENCE, L.L.C.; and HOLIDAY
8  RETIREMENT CORP.

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  GREATER NAPA FAIR HOUSING          No. C 07 3652 MEJ
    CENTER, a California Not for Profit
13  Corporation, doing business as FAIR   **ANSWER TO COMPLAINT**
    HOUSING NAPA VALLEY, as an
14  individual entity only; RUBY DUNCAN,
    an incompetent adult, by and through her
15  Guardian Ad Litem, MAE LOUISE
    WHITAKER; and EVA NORTHERN, an
16  incompetent adult, by and through her
    Guardian Ad Litem, NANCY
17  NORTHERN, each individually and on
    behalf of individuals similarly situated;
18  NANCY NORTHERN, in her individual
    capacity only; and MAE LOUISE
19  WHITAKER, in her individual capacity
    only,
20
                 Plaintiffs,
21
         v.
22
    HARVEST REDWOOD RETIREMENT
23  RESIDENCE, L.L.C., doing business as
    Redwood Retirement Residence;
24  REDWOOD RETIREMENT RESIDENCE
    L.L.C.; and HOLIDAY RETIREMENT
25  CORP.,

26              Defendants.

27

28

Defendants Harvest Redwood Retirement Residence, LLC, Redwood Retirement
Residence, Redwood Retirement Residence LLC, and Holiday Retirement Corporation
(hereinafter "Defendants") hereby answer the Complaint of Greater Napa Fair Housing Center, et
al. (hereinafter "Plaintiffs") and state as follows:

## I.    INTRODUCTION

1.    Defendants neither admit nor deny the allegations contained in Paragraph 1 of the
Complaint for the reason that such allegations are legal conclusions to which no answer is
required.  To the extent that an answer is required, Defendants admit that Redwood Retirement
residence is located at 2350 Redwood Road in Napa, California. Except as expressly admitted,
Defendants deny each and every allegation contained in Paragraph 1 of Plaintiffs' Complaint.

## II.    JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

2.    Defendants neither admit nor deny the allegations contained in Paragraph 2 of the
Complaint for the reason that such allegations are legal conclusions to which no answer is
required.  To the extent that an answer is required, Defendants admit that this Court has federal
question jurisdiction over Plaintiffs' "federal Fair Housing Act" claim.  Except as expressly
admitted, Defendants deny each and every allegation contained in Paragraph 2 of Plaintiffs'
Complaint.

3.    Defendants admit that venue in this District is appropriate.  Except as expressly
admitted, Defendants deny each and every allegation contained in Paragraph 3 of Plaintiffs'
Complaint.

## III.    PARTIES

4.    Defendants are without knowledge or information sufficient to form a belief as to
the truth of the material allegations in Paragraph 4 of Plaintiffs' Complaint and, on that basis,
deny those allegations.

5.    Defendants admit that Ruby Duncan was a resident of Redwood Retirement
Residence for some period and until her death on or about July 12, 2007.  Defendants admit, on
information and belief, that Plaintiff Duncan was 100 years old on or about January 19, 2007.
Defendants also admit that on the date of her death, Plaintiff Duncan occupied Unit 209.

- 1 -

1   Defendants affirmatively allege that Plaintiff Duncan was not at any time served with an eviction

2   notice. Except as expressly admitted and alleged, Defendants are without knowledge or

3   information sufficient to form a belief as to the truth of the material allegations in Paragraph 5 of

4   Plaintiffs' Complaint and, on that basis, deny those allegations.

5           6.      Defendants are without knowledge or information sufficient to form a belief as to

6   the truth of the material allegations in Paragraph 6 of Plaintiffs' Complaint and, on that basis,

7   deny those allegations.

8           7.      Defendants admit that Eva Northern was a resident of Redwood Retirement

9   Residence from on or about January 25, 2001, until on or about April 13, 2007. Defendants

10  further admit that during that time Plaintiff Northern occupied Unit 112.  Defendants

11  affirmatively allege that Plaintiff Northern was not at any time served with an eviction notice.

12  Except as expressly admitted and alleged, Defendants are without knowledge or information

13  sufficient to form a belief as to the truth of the material allegations in Paragraph 7 of Plaintiffs'

14  Complaint and, on that basis, deny those allegations.

15          8.      Defendants are without knowledge or information sufficient to form a belief as to

16  the truth of the material allegations in Paragraph 8 of Plaintiffs' Complaint and, on that basis,

17  deny those allegations.

18          9.      Defendants admit that Redwood Retirement Residence has 97 units and is located

19  at 2350 Redwood Road in Napa, California. Defendants further admit that Redwood Retirement

20  Residence offers housing that fits within the definitions contained in 42 U.S.C. section 3607(b),

21  42 U.S.C. section 3602(b) and California Government Code section 12927(d).  Except as

22  expressly admitted and alleged, Defendants deny each and every remaining material allegation in

23  Paragraph 9 of Plaintiffs' Complaint.

24          10.     Defendants admit the material allegations contained in Paragraph 10 of Plaintiffs'

25  Complaint.

26          11.     Defendants admit the material allegations contained in Paragraph 11 of Plaintiffs'

27  Complaint.

28          12.     Defendants admit that Holiday Retirement Corporation is a corporation that has

- 2 -

1    been registered to do business in the State of California with a primary business address in Salem,

2    Oregon. Except as expressly admitted, Defendants deny each and every remaining material

3    allegation in Paragraph 12 of Plaintiffs' Complaint.

4            13.    Defendants neither admit nor deny the allegations contained in Paragraph 13 of

5    Plaintiffs' Complaint for the reason that such allegations are legal conclusions to which no

6    answer is required.  To the extent that an answer is required, Defendants deny each and every

7    remaining material allegation in Paragraph 13 of Plaintiffs' Complaint.

8            14.    Defendants neither admit nor deny the allegations contained in Paragraph 14 of

9    Plaintiffs' Complaint for the reason that such allegations are legal conclusions to which no

10   answer is required.  To the extent that an answer is required, Defendants deny each and every

11   material allegation in Paragraph 14 of Plaintiffs' Complaint.

12          15.    Defendants deny each and every material allegation in Paragraph 15 of Plaintiffs'

13   Complaint.

14                        **IV.    CLASS ACTION ALLEGATIONS**

15          **A.    DISABILITY CLASS**

16          16.    Defendants neither admit nor deny the allegations contained in Paragraph 16 of

17   Plaintiffs' Complaint for the reason that such allegations are legal conclusions to which no

18   answer is required.  To the extent that an answer is required, Defendants deny each and every

19   material allegation in Paragraph 16 of Plaintiffs' Complaint.

20          17.    Defendants deny each and every material allegation in Paragraph 17 of Plaintiffs'

21   Complaint.

22          18.    Defendants deny each and every material allegation in Paragraph 18 of Plaintiffs'

23   Complaint.

24          19.    Defendants neither admit nor deny the allegations contained in Paragraph 19 of

25   Plaintiffs' Complaint for the reason that such allegations are legal conclusions to which no

26   answer is required.  To the extent that an answer is required, Defendants deny each and every

27   material allegation in Paragraph 19 of Plaintiffs' Complaint. Defendants further affirmatively

28   allege that they reasonably accommodate persons with disabilities.

20.    Defendants deny each and every material allegation in Paragraph 20 of Plaintiffs' Complaint.

21.    Defendants deny each and every material allegation in Paragraph 21 of Plaintiffs' Complaint.

22.    Defendants deny each and every material allegation in Paragraph 22 of Plaintiffs' Complaint.

**B.    SECURITY DEPOSIT CLASS**

23.    Defendants deny each and every material allegation in Paragraph 23 of Plaintiffs' Complaint.

24.    Defendants deny each and every material allegation in Paragraph 24 of Plaintiffs' Complaint.

25.    Defendants deny each and every material allegation in Paragraph 25 of Plaintiffs' Complaint.

26.    Defendants deny each and every material allegation in Paragraph 26 of Plaintiffs' Complaint.

27.    Defendants deny each and every material allegation in Paragraph 27 of Plaintiffs' Complaint.

28.    Defendants deny each and every material allegation in Paragraph 28 of Plaintiffs' Complaint.

29.    Defendants deny each and every material allegation in Paragraph 29 of Plaintiffs' Complaint.

**V.    FACTS UNDERLYING THE CLAIMS OF THE CLASSES AND SUBCLASS**

**A.    INTRODUCTION**

30.    Defendants deny each and every material allegation in Paragraph 30 of Plaintiffs' Complaint.

31.    Defendants deny each and every material allegation in Paragraph 31 of Plaintiffs' Complaint.

32.    Defendants deny each and every material allegation in Paragraph 32 of Plaintiffs'

- 4 -

Complaint.

33.    Defendants deny each and every material allegation in Paragraph 33 of Plaintiffs' Complaint.

34.    Defendants deny each and every material allegation in Paragraph 34 of Plaintiffs' Complaint.

35.    Defendants deny each and every material allegation in Paragraph 35 of Plaintiffs' Complaint.

36.    Defendants deny each and every material allegation in Paragraph 36 of Plaintiffs' Complaint.

**B.    FACTS UNDERLYING THE CLAIMS OF RUBY DUNCAN AND MAE LOUISE WHITAKER**

37.    Defendants admit and affirmatively allege that Plaintiff Duncan occupied a unit at Redwood Retirement Residence between approximately May 1991 and September 2002.  Except as so admitted and alleged, Defendants deny each and every remaining material allegation in Paragraph 37 of Plaintiffs' Complaint.

38.    Defendants admit that on or about June 5, 2003, Plaintiff Duncan signed an agreement to occupy Unit 209, which is a studio unit with one bathroom.  Defendants also admit that the original monthly rate was $1,695.  Defendants further admit that the monthly rate was raised to $1,955.00 on July 1, 2007. Defendants further admit and affirmatively allege that the rate included three meals a day, weekly housekeeping, linen changing, scheduled social activity and fitness programs and scheduled transportation services.  Defendants affirmatively allege that the unit contains no cooking facilities and that no cooking utensils or equipment are provided to residents by Defendants. Except as so admitted and affirmatively alleged, Defendants deny each and every remaining material allegation in Paragraph 38 of Plaintiffs' Complaint.

39.    Defendants admit that Plaintiff Duncan signed an addendum in which she agreed to pay a one-time fee, which at that time was called a "signing fee," that was only refunded if she moved out in ninety (90) days or less.  Except as so admitted, Defendants deny each and every remaining material allegation in Paragraph 39 of Plaintiffs' Complaint.

ANSWER TO COMPLAINT (CASE NO. C 07 3652 MEJ)                                    1338642.1

40.     Defendants admit they are aware Plaintiff Duncan had a private duty caregiver or companion. Except as so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 40 of Plaintiffs' Complaint and, on that basis, deny those allegations.

41.     Defendants admit that Redwood Retirement Residence has a policy related to meal trays. Except as so admitted, Defendants deny each and every remaining material allegation in Paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny each and every material allegation in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny each and every material allegation in Paragraph 43 of Plaintiffs' Complaint.

44.     Defendants admit that Redwood Retirement Residence received a letter from Dr. Paul Sweigert dated January 30, 2007, relating to Ms. Duncan. Except as so admitted, Defendants deny each and every remaining material allegation in Paragraph 44 of Plaintiffs' Complaint.

45.     Defendants deny each and every material allegation in Paragraph 45 of Plaintiffs' Complaint.

46.     Defendants deny each and every material allegation in Paragraph 46 of Plaintiffs' Complaint.

**C.     FACTS UNDERLYING THE CLAIMS OF EVA NORTHERN AND NANCY NORTHERN**

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 47 of Plaintiffs' Complaint and, on that basis, deny those allegations.

48.     Defendants admit that Plaintiff Northern occupied Unit 112 at Redwood Retirement Residence and that her move-in date was on or about January 25, 2001. Defendants further admit that Unit 112 has a small refrigerator and sink. Defendants admit that on February 1, 2007, the rate for that unit was $2,735.00 per month. Defendants further admit and affirmatively allege that the rate included three meals a day, weekly housekeeping, linen

- 6 -

changing, scheduled social activity and fitness programs and scheduled transportation services. Defendants affirmatively allege that the unit contains no cooking facilities and that no cooking utensils or equipment are provided to residents by Defendants. Except as so admitted and affirmatively alleged, Defendants deny each and every remaining material allegation in Paragraph 48 of Plaintiffs' Complaint.

49.    Defendants admit they are aware Plaintiff Duncan had a private duty caregiver or companion. Except as so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 49 of Plaintiffs' Complaint and, on that basis, deny those allegations.

50.    Defendants admit that Redwood Retirement Residence has a policy related to meal trays. Except as so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 49 of Plaintiffs' Complaint and, on that basis, deny each and every remaining material allegation.

51.    Defendants admit that Plaintiff is in possession of a document containing the quoted language, as alleged in Paragraph 51 of Plaintiffs' Complaint.

52.    Defendants admit and affirmatively allege that they reasonably accommodate residents of Redwood Retirement Residence and that Redwood Retirement Residence allowed Plaintiff Northern to eat in her room for some period of time as such an accommodation. Except as so admitted, Defendants deny each and every remaining material allegation in Paragraph 52 of Plaintiffs' Complaint.

53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 53 of Plaintiffs' Complaint and, on that basis, deny each and every material allegation.

54.    Defendants admit and affirmatively allege that they reasonably accommodate residents of Redwood Retirement Residence and that Redwood Retirement Residence allowed Plaintiff Northern to eat in her room for some period of time as such an accommodation. Except as so admitted, Defendants deny each and every remaining material allegation in Paragraph 54 of Plaintiffs' Complaint.

1         55.     Defendants admit Redwood Retirement Residence has a meal tray policy.

2    Defendants affirmatively allege that they reasonably accommodate residents of Redwood

3    Retirement Residence. Except as so admitted and alleged, Defendants deny each and every

4    remaining material allegation in Paragraph 55 of Plaintiffs' Complaint.

5         56.     Defendants admit Redwood Retirement Residence has a meal tray policy.

6    Defendants admit Plaintiff Nancy Northern requested reimbursement for meals. Defendants

7    affirmatively allege that such costs are fixed. Defendants also affirmatively allege that they

8    reasonably accommodate residents of Redwood Retirement Residence. Except as so admitted and

9    alleged, Defendants deny each and every remaining material allegation in Paragraph 56 of

10   Plaintiffs' Complaint.

11        57.     Defendants are without knowledge or information sufficient to form a belief as to

12   the truth of the material allegations in Paragraph 57 of Plaintiffs' Complaint and, on that basis,

13   deny each and every material allegation.

14        58.     Defendants are without knowledge or information sufficient to form a belief as to

15   the truth of the material allegations in Paragraph 58 of Plaintiffs' Complaint and, on that basis,

16   deny each and every remaining material allegation.

17        59.     Defendants admit that Plaintiff Northern moved out of Unit 112 on or about April

18   13, 2007. Defendants also admit that assisted living, such as that provided by Aegis, is

19   substantially more expensive than Redwood Retirement Residence. Except as so admitted,

20   Defendants are without knowledge or information sufficient to form a belief as to the truth of the

21   remaining material allegations in Paragraph 59 of Plaintiffs' Complaint and, on that basis, deny

22   each and every material allegation.

23        60.     Defendants admit, on information and belief, that Plaintiff Northern died during

24   the summer of 2007. Except as so admitted, Defendants are without knowledge or information

25   sufficient to form a belief as to the truth of the remaining material allegations in Paragraph 60 of

26   Plaintiffs' Complaint and, on that basis, deny each and every material allegation..

27       **D.**     **THE INVOLVEMENT OF FAIR HOUSING NAPA VALLEY**

28        61.     Defendants are without knowledge or information sufficient to form a belief as to

- 8 -

1   the truth of the material allegations in Paragraph 61 of Plaintiffs' Complaint and, on that basis,

2   deny those allegations.

3       62.     Defendants are without knowledge or information sufficient to form a belief as to

4   the truth of the material allegations in Paragraph 62 of Plaintiffs' Complaint and, on that basis,

5   deny those allegations.

6       63.     Defendants are without knowledge or information sufficient to form a belief as to

7   the truth of the material allegations in Paragraph 63 of Plaintiffs' Complaint and, on that basis,

8   deny those allegations.

9       64.     Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of the material allegations in Paragraph 64 of Plaintiffs' Complaint and, on that basis,

11  deny each and every material allegation.

12      65.     Defendants admit that some residents received notices from Fair Housing Napa

13  Valley in June and July of 2007. Except as so admitted, Defendants deny each and every

14  remaining material allegation in Paragraph 65 of Plaintiffs' Complaint.

15  **E.      INJURIES**

16      66.     Defendants deny each and every material allegation in Paragraph 66 of Plaintiffs'

17  Complaint.

18      67.     Defendants deny each and every material allegation in Paragraph 67 of Plaintiffs'

19  Complaint.

20      68.     Defendants deny each and every material allegation in Paragraph 68 of Plaintiffs'

21  Complaint.

22      69.     Defendants deny each and every material allegation in Paragraph 69 of Plaintiffs'

23  Complaint.

24      70.     Defendants deny each and every material allegation in Paragraph 70 of Plaintiffs'

25  Complaint.

26      71.      Defendants deny each and every material allegation in Paragraph 71 of Plaintiffs'

27  Complaint.

28      72.     Defendants deny each and every material allegation in Paragraph 72 of Plaintiffs'

ANSWER TO COMPLAINT (CASE NO. C 07 3652 MEJ)                                    1338642.1

1   Complaint.

2       73.    Defendants deny each and every material allegation in Paragraph 73 of Plaintiffs'

3   Complaint.

4                                   **VI.    CLAIMS**

5                              **A.    FIRST CLAIM**

6                                **[Fair Housing Act]**

7       **Disability Class Plaintiffs, FHNV and Individual Plaintiffs v. Defendants**

8       74.    Defendants incorporate by reference their response to the allegations in Paragraphs

9   1 through 73  of Plaintiffs' Complaint, inclusive, as if fully set forth herein.

10      75.    Defendants deny each and every material allegation in Paragraph 75 of Plaintiffs'

11  Complaint.

12                            **B.    SECOND CLAIM**

13              **[California Fair Employment and Housing Act]**

14      **Disability Class Plaintiffs, FHNV and Individual Plaintiffs v. Defendants**

15      76.    Defendants incorporate by reference their response to the allegations in Paragraphs

16  1 through 75 of Plaintiffs' Complaint, inclusive, as if fully set forth herein.

17      77.    Defendants deny each and every material allegation in Paragraph 77 of Plaintiffs'

18  Complaint.

19                              **C.    THIRD CLAIM**

20                     **[California Unruh Civil Rights Act]**

21      **Disability Class Plaintiffs and Individual Plaintiffs v. Defendants**

22      78.    Defendants incorporate by reference their response to the allegations in Paragraphs

23  1 through 77 of Plaintiffs' Complaint, inclusive, as if fully set forth herein.

24      79.    Defendants deny each and every material allegation in Paragraph 79 of Plaintiffs'

25  Complaint.

26      80.    Defendants deny each and every material allegation in Paragraph 80 of Plaintiffs'

27  Complaint.

28  / / /

ANSWER TO COMPLAINT (CASE NO. C 07 3652 MEJ)                                    1338642.1

1                                  **D.  FOURTH CLAIM**

2                                  **[Disabled Persons Act]**

3                  **Disability Class Plaintiffs Only v. Defendants**

4            81.      Defendants incorporate by reference their response to the allegations in Paragraphs

5 1 through 80 of Plaintiffs' Complaint, inclusive, as if fully set forth herein.

6           82.      Defendants deny each and every material allegation in Paragraph 82 of Plaintiffs'

7 Complaint.

8           83.      Defendants deny each and every material allegation in Paragraph 83 of Plaintiffs'

9 Complaint.

10                               **E.       FIFTH CLAIM**

11                **[Unfair Business Practices re Discrimination]**

12      **Disability Class Plaintiffs, FHNV and Individual Plaintiffs v. Defendants**

13           84.      Defendants incorporate by reference their response to the allegations in Paragraphs

14 1 through 83 of Plaintiffs' Complaint, inclusive, as if fully set forth herein.

15           85.      Defendants deny each and every material allegation in Paragraph 85 of Plaintiffs'

16 Complaint.

17           86.      Defendants deny each and every material allegation in Paragraph 86 of Plaintiffs'

18 Complaint.

19           87.      Defendants deny each and every material allegation in Paragraph 87 of Plaintiffs'

20 Complaint.

21                               **F.       SIXTH CLAIM**

22                       **[Unfair Business Practices]**

23             **Security Deposit Class Plaintiffs only v. Defendants**

24           88.      Defendants incorporate by reference their response to the allegations in Paragraphs

25 1 through 87 of Plaintiffs' Complaint, inclusive, as if fully set forth herein.

26           89.      Defendants deny each and every material allegation in Paragraph 89 of Plaintiffs'

27 Complaint.

28           90.      Defendants deny each and every material allegation in Paragraph 90 of Plaintiffs'

- 11 -

1   Complaint.

2       91.    Defendants deny each and every material allegation in Paragraph 91 of Plaintiffs'

3   Complaint.

4   **G.    SEVENTH CLAIM**

5   **[Unlawful Security Deposit]**

6   **Security Deposit Class Plaintiffs only vs. Defendants**

7       92.    Defendants incorporate by reference their response to the allegations in Paragraphs

8   1 through 91 of Plaintiffs' Complaint, inclusive, as if fully set forth herein.

9       93.    Defendants deny each and every material allegation in Paragraph 93 of Plaintiffs'

10  Complaint.

11      94.    Defendants deny each and every material allegation in Paragraph 94 of Plaintiffs'

12  Complaint.

13  **VII.    AFFIRMATIVE DEFENSES**

14  Defendants hereby assert the following affirmative defenses to Plaintiffs' Complaint.

15  **FIRST AFFIRMATIVE DEFENSE**

16  (Failure to State Claim)

17  As a first and separate affirmative defense, Defendants allege that Plaintiffs' Complaint

18  fails to state facts sufficient to constitute any cause of action against Defendants.

19  **SECOND AFFIRMATIVE DEFENSE**

20  (No Entitlement To Class Certification)

21  As a second and separate affirmative defense, Defendants allege that Plaintiffs' action is

22  not entitled to class certification pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil

23  Procedure and that the requirements for maintenance as a class action cannot be met.

24  **THIRD AFFIRMATIVE DEFENSE**

25  (Plaintiffs Not Proper Representatives)

26  As a third and separate affirmative defense, Defendants allege that Plaintiffs are not

27  proper representatives of any purported class.

28  / / /

**FOURTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

As a fourth and separate affirmative defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to challenge programs, services, assignments or actions for which they failed to apply, for which they were not denied or to which they were not subject.

**FIFTH AFFIRMATIVE DEFENSE**

(Moot)

As a fifth and separate affirmative defense, Defendants allege that some or all of Plaintiffs' claims are moot.

**SIXTH AFFIRMATIVE DEFENSE**

(Reasonable Accommodations Made)

As a sixth and separate affirmative defense, Defendants allege that they reasonably accommodate persons with handicaps and disabilities.

**SEVENTH AFFIRMATIVE DEFENSE**

(Printed Materials Not Discriminatory)

As a seventh and separate affirmative defense, Defendants allege that Defendants' printed materials, notices or statements with regard to the use of its dwellings do not communicate any discriminatory motive or purpose to any ordinary reader or listener.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

As an eighth and separate affirmative defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, to the extent they have failed to exhaust applicable administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

(Accommodation Sought Alters Nature of Business)

As a ninth and separate affirmative defense, Defendants allege that the modifications to Defendants' programs, services, policies, assignments, activities and procedures requested by

- 13 -

1  Plaintiffs would fundamentally alter the nature of their business.

2  **TENTH AFFIRMATIVE DEFENSE**

3  (Accommodation Sought Would Cause Undue Hardship)

4  As a tenth and separate affirmative defense, Defendants alleges that the modifications to

5  programs, services, policies, assignments, activities and procedures requested by Plaintiffs would

6  cause an undue financial or administrative hardship on Defendants.

7  **ELEVENTH AFFIRMATIVE DEFENSE**

8  (No Denial of Meaningful Participation)

9  As an eleventh and separate affirmative defense, Defendants allege that Plaintiffs' claims

10  are barred, in whole or in part, because Plaintiffs were not denied meaningful participation in nor

11  denied the benefits of Defendants' programs, services, assignments or activities.

12  **TWELFTH AFFIRMATIVE DEFENSE**

13  (Non-Discrimination)

14  As a twelfth and separate affirmative defense, Defendants alleges that Plaintiffs' claims

15  are barred, in whole or in part, because Defendants' actions about which Plaintiffs complain were

16  justified by legitimate, nondiscriminatory reasons.

17  **THIRTEENTH AFFIRMATIVE DEFENSE**

18  (No Standing Under FHA)

19  As a thirteenth and separate affirmative defense, Defendants allege that Plaintiffs lack

20  standing because they are unable to demonstrate a "pattern and practice" of discrimination under

21  the Federal Fair Housing Act.

22  **FOURTEENTH AFFIRMATIVE DEFENSE**

23  (Defendant's Conduct Was Not Arbitrary)

24  As a fourteenth and separate affirmative defense, Defendants allege that their activities

25  with respect to applicants or residents, if any, were privileged or otherwise justified, as such

26  activities were proper, fair and legitimate business activities and/or business related reasons and

27  were neither arbitrary, capricious, nor unlawful.

28  / / /

ANSWER TO COMPLAINT (CASE NO. C 07 3652 MEJ)                                    1338642.1

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2

(Defendant's Conduct Not Intentional)

3

As a fifteenth and separate affirmative defense, Defendants allege that the discriminatory

4

conduct alleged by Plaintiffs, if any, was not intentional.

5

**SIXTEENTH AFFIRMATIVE DEFENSE**

6

(Meal Tray Policies Are A Reasonable Accommodation)

7

As a sixteenth and separate affirmative defense, Defendants allege that the guidelines

8

regarding the use of meal trays are interpreted and applied so as to provide a reasonable

9

accommodation to handicapped or disabled persons.

10

**SEVENTEENTH AFFIRMATIVE DEFENSE**

11

(No Undue Hardship)

12

As a seventeenth and separate affirmative defense, Defendants allege that the guidelines

13

regarding the use of meal trays do not impose an undue hardship on handicapped or disabled

14

persons.

15

**EIGHTEENTH AFFIRMATIVE DEFENSE**

16

(No Disparate Impact)

17

As an eighteenth and separate affirmative defense, Defendants allege that the guidelines

18

regarding the use of meal trays do not cause a disparate impact on any person.

19

**NINETEENTH AFFIRMATIVE DEFENSE**

20

(Estoppel)

21

As a nineteenth and separate affirmative defense, Defendants allege that Plaintiffs'

22

Complaint, and each purported cause of action contained therein, is barred by the doctrine of

23

estoppel based on Plaintiffs' own conduct, acts, and omissions.

24

**TWENTIETH AFFIRMATIVE DEFENSE**

25

(Statute of Limitations)

26

As a twentieth and separate affirmative defense, Defendants allege that Plaintiffs'

27

Complaint is barred, in whole or in part, by the applicable statute(s) of limitation(s).

28

/ / /

- 15 -

1    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2    (Defendant's Conduct In Compliance With California Law)

3    As a twenty-first and separate affirmative defense, Defendants allege that Defendants'

4    activities with respect to applicants or residents, if any, were required, privileged or otherwise

5    justified under California law.

6    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

7    (Plaintiffs Not Qualified Disabled Persons)

8    As a twenty-second and separate affirmative defense, Defendants allege that Plaintiffs are

9    not qualified individuals with a disability as they pose a significant risk or direct threat to the

10    health and safety of themselves or others.

11    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

12    (Plaintiffs Not Qualified Disabled Persons)

13    As a twenty-third and separate affirmative defense, Defendants allege that Plaintiffs'

14    claims are barred, in whole or in part, because with or without reasonable accommodation,

15    Plaintiffs failed to meet the basic requirements of tenancy such as safety, rudimentary self-care

16    and non-disruptive cohabitation with others.

17    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

18    (No Compensatory Or Monetary Damages)

19    As a twenty-fourth and separate affirmative defense, Defendants allege that Plaintiffs'

20    Complaint fails to state any claim for relief upon which compensatory or monetary damages may

21    be awarded.

22    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

23    (Full Access To Facilities)

24    As a twenty-fifth and separate affirmative defense, Defendants allege that at no time did

25    Defendants' policies and procedures result in less than full access for handicapped or disabled

26    persons at Defendants' facility.

27    / / /

28    / / /

- 16 -

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Liability For Employees Acting Outside Scope)

As a twenty-sixth and separate affirmative defense, Defendants allege, on information and belief, that to the extent any employee or agent of Defendants are shown to have acted outside the course of his or her duties, Defendants may not be held liable for such acts.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Actions Undertaken With Due Care And In Good Faith)

As a twenty-seventh and separate affirmative defense, Defendants allege that at all relevant times, Defendants and their agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their responsibilities in accordance with applicable statutes, rules, regulations, and established procedures and practices, within the bounds of reason under all circumstances known to them, and with the good faith belief that their actions comported with all applicable federal and state laws.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Third Party Liability)

As a twenty-eighth and separate affirmative defense, Defendants allege that to the extent Plaintiffs have suffered any injury, the injury is due in whole or in part to persons or forces other than Defendants.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Defendants Offer Lodging)

As a twenty-ninth and separate affirmative defense, Defendants allege that Redwood Retirement Residence is a residential retirement facility pursuant to Civil Code Section 1833 *et seq.* and not a residential rental property subject to Civil Code Section 1949 *et seq.*

**THIRTIETH AFFIRMATIVE DEFENSE**

(Residential Retirement Facility)

As a thirtieth and separate affirmative defense, Defendants allege that Redwood Retirement Residence is not licensed to provide the accommodations or level of care requested or needed by Plaintiffs, i.e., an assisted living facility subject to Health and Safety Code section

- 17 -

1    1569 *et seq.*

2         WHEREFORE, Defendants pray as follows:

3         1.    That Plaintiffs take nothing by this action;

4         2.    That judgment be entered in Defendants' favor;

5         3.    That Defendants recover their costs in this proceeding, including reasonable

6    attorneys' fees; and

7         4.    That the Court grant such other and further relief as it deems appropriate.

8    DATED:  August 15, 2007                    HANSON BRIDGETT MARCUS
                                                VLAHOS & RUDY, LLP
9

10

11                                    By:  /s/ Kurt A. Franklin
                                          KURT A. FRANKLIN
12                                        SARAH D. MOTT
                                          Attorneys for Defendants
13                                        HARVEST REDWOOD RETIREMENT
                                          RESIDENCE, L.L.C., doing business as
14                                        Redwood Retirement Residence,
                                          RETIREMENT RESIDENCE, L.L.C.; and
15                                        HOLIDAY RETIREMENT CORP.

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -
ANSWER TO COMPLAINT (CASE NO. C 07 3652 MEJ)                              1338642.1