| | |
|---|---|
| 1 | HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP |
| | KURT A. FRANKLIN - 172715 |
| 2 | kfranklin@hansonbridgett.com |
| | SARAH D. MOTT - 148597 |
| 3 | smott@hansonbridgett.com |
| | 425 Market Street, 26th Floor |
| 4 | San Francisco, CA  94105 |
| | Telephone:    (415) 777-3200 |
| 5 | Facsimile:    (415) 541-9366 |
| 6 | Attorneys for Defendants |
| | HARVEST REDWOOD RETIREMENT RESIDENCE, |
| 7 | L.L.C., doing business as Redwood Retirement Residence, |
| | RETIREMENT RESIDENCE, L.L.C.; and HOLIDAY |
| 8 | RETIREMENT CORP. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREATER NAPA FAIR HOUSING CENTER, a California Not for Profit Corporation, doing business as FAIR HOUSING NAPA VALLEY, as an individual entity only; RUBY DUNCAN, an incompetent adult, by and through her Guardian Ad Litem, MAE LOUISE WHITAKER; and EVA NORTHERN, an incompetent adult, by and through her Guardian Ad Litem, NANCY NORTHERN, each individually and on behalf of individuals similarly situated; NANCY NORTHERN, in her individual capacity only; and MAE LOUISE WHITAKER, in her individual capacity only, | | No. C07-3652 MEJ <br><br> OBJECTIONS TO DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION <br><br> Date:  September 26, 2007 <br> Time:  9:00 a.m. <br> Dept:  Ctrm. 3, 17th Fl. <br> Judge: Hon. Phyllis J. Hamilton |
| Plaintiffs, | | |
| v. | | |
| HARVEST REDWOOD RETIREMENT RESIDENCE, L.L.C., doing business as Redwood Retirement Residence; REDWOOD RETIREMENT RESIDENCE L.L.C.; and HOLIDAY RETIREMENT CORP., | | |
| Defendants. | | |

- 1 -

DEFTS' OBJECTIONS TO DECLARATIONS (CASE NO. C07-3652 MEJ)   1350395.1

Defendants Harvest Redwood Retirement Residence, LLC, Redwood Retirement Residence, Redwood Retirement Residence LLC, and Holiday Retirement Corporation (hereinafter "Defendants") hereby object to the admissibility of the following evidence presented by Greater Napa Fair Housing Center, et al. (hereinafter "Plaintiffs") in connection with Plaintiffs' Motion for Issuance of Preliminary Injunction, set for hearing on September 26, 2007 before this Court:

**(1)  Declaration of Celestia Amberstone, Paragraph 4.**

The statement in paragraph 4 of the declaration that when declarant's father moved into Redwood Retirement Residence "he thought he would be able to live at Redwood for the rest of his life" lacks foundation and is not based upon personal knowledge. FRE 602.

**(2)  Declaration of Nancy Northern, Paragraphs 9, 10, 11, 12, 15.**

The statement in paragraph 9 of the declaration that the "aide stated that Redwood had a new policy that would not permit her to bring meals to the apartment every day" is an out-of-court statement offered to prove the truth of the matter asserted. As such, it is inadmissible double hearsay. FRE 802.

The statement in paragraph 10 of the declaration, "I informed them that my mother wanted to continue to have her home health care aide pick up meal trays from the kitchen and bring them to her room. The managers agreed that this arrangement could continue for some unspecified period of time," contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay. FRE 802.

The statement in paragraph 11 of the declaration that a home heath care aide called declarant "and stated that Redwood had prohibited her from picking up any additional meals for [her] mother. She stated that Redwood had refused her breakfast tray, but that she had taken some fruit from a holiday gift basket so that [her] mother could eat and her blood sugar would not become dangerously low" contains out-of-court statements offered to prove the truth of the matter asserted. As such, it inadmissible hearsay and double hearsay. FRE 802.

The statement in paragraph 12 of the declaration, "I explained to [Redwood managers] that it was uncomfortable for my mother to eat in the dining room because of her communication

- 2 -

1   impairments. I reminded them that my mother had eaten her meals in her room since she moved
2   in without any problems. The managers agreed to permit the home health care aides to pick up
3   additional food trays for a fee of $5.00 per tray. I reluctantly agreed to pay the charges because
4   the managers told me that my mother's meal trays would be discontinued if we did not agree to
5   pay. I reiterated to the resident managers that I disagreed with the meal tray policy. The resident
6   managers stated that implementing the meal tray policy was not their decision," contains out-of-
7   court statements offered to prove the truth of the matter asserted. As such, it is inadmissible
8   hearsay and double hearsay. FRE 802.

9   The statement in paragraph 15 of the declaration, "the home health care aides told me that
10  the managers of Redwood had asked a number of residents to move out because they required
11  assistance and could not live independently," contains an out-of-court statement offered to prove
12  the truth of the matter asserted. As such, it is inadmissible hearsay and double hearsay. FRE 802.

13  **(3)    Declaration of Salve Penales, Paragraphs 6, 7.**

14  The statement in paragraph 6 (sic) of the declaration, "[t]he other caregivers and I started
15  bringing trays of food from the kitchen to the residents who were no longer allowed to eat in the
16  dining hall. The first time the care givers had to pay $5 cash to get trays from the kitchen even
17  though the trays are taken to the residents' rooms, rinsed and returned by me or the other care
18  givers," contains out-of-court statements offered to prove the truth of the matter asserted. As
19  such, it is inadmissible hearsay. FRE 802. It also lacks foundation and is not based on personal
20  knowledge. FRE 602.

21  The statement in paragraph 7 (sic) of the declaration that "some residents were told that
22  they could no longer use the dining hall. I heard that after Marion Jacks choked and threw up in
23  the dining room that she was told by the management that she would need to go to 'assisted
24  living,' and that she could no longer use the dining hall. Charles Bryden was also told he could
25  not eat in the dining hall after throwing up there" contains out-of-court statements offered to
26  prove the truth of the matter asserted. As such, it is inadmissible hearsay. FRE 802.

27  **(4)    Declaration of Thomas W. Thornton, Paragraphs 9, 11, 16, 18, 19.**

28  The statement in paragraph 7 of the declaration that declarant's mother's "home health

- 3 -

care aide started picking up meal trays from Redwood kitchen and helping [her] mother eat in her apartment. The home health care aide then returns the tray and dishes to the kitchen" lacks foundation and is not based on personal knowledge. FRE 602.

The statement in paragraph 9 of the declaration that David Hall stated to declarant that her mother was being asked to move out, "because (1) she is incontinent; and, (2) on one occasion, she momentarily left her apartment half-dressed. I explained to Mr. Hall that the care aides told me that she mistakenly opened the door leading to the hall rather than the bathroom door on that one occasion. I assured Mr. Hall that home health care aides were assisting my mother, and that my mother posed no threat to herself, others, or Redwood property, " contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay and double hearsay. FRE 802.

The statement in paragraph 11 of the declaration, "Redwood has never responded to my request for a reasonable accommodation," contains improper conclusions and argument in violation of Local Civ. Rule 7-5(b).

The statement in paragraph 16 of the declaration, "they were served with a letter stating that the 30-day notice was improper under the California Civil Code," is an out-of-court statement offered to prove the truth of the matter asserted. FRE 802. It also contains improper conclusion and argument in violation of Local Civ. Rule 7-5(b) and lacks foundation and is not based on personal knowledge. FRE 602.

The statement in paragraph 18 of the declaration that declarant's mother's "home health care aides provided all the care that she needed" contains improper conclusion and argument in violation of Local Civ. Rule 7-5(b).

The statement in paragraph 19 of the declaration that declarant's mother's physicians "informed [her] that people with Alzheimer's Disease like [her] mother need stable and familiar living environments and the opportunities for social interaction that a building like Redwood provides" contains an out-of-court statement offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay. FRE 802. It also contains improper conclusions and argument in violation of Local Civ. Rule 7-5(b).

**(5) Declaration of Priscilla Valencia, Paragraphs 3, 4, 6, 7**

The statement in paragraph 3 of the declaration that acting managers at Redwood's corporate office "said that they had come to Redwood to temporarily manage the facility. They stayed between July and October 2006. One of them was a woman named 'Irene,' who said she was a registered nurse from the corporate office. While Irene was there, Irene interviewed most of our clients, looking for detailed information about their health and medical conditions" contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay and double hearsay. FRE 802. It also lacks foundation and is not based on personal knowledge. FRE 602.

The statement in paragraph 4 of the declaration, "several of my care givers told me that some of our clients with disabilities had heard that they would be asked to leave Redwood. The care givers told me that many Redwood residents began to express fears about being evicted because they were 'too disabled,'" contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay and double hearsay. FRE 802. It also lack foundation and is not based on personal knowledge. FRE 602.

The statement in paragraph 6 of the declaration, "[f]or the first day of the new tray rule Redwood staff delivered the trays, after that first day my care givers were told to take the trays, and Redwood would not deliver them anymore," contains an out-of-court statement offered to prove the truth of the matter asserted. As such, it is in admissible hearsay. FRE 802. It also lacks foundation and is not based on personal knowledge. FRE 602.

The statement in paragraph 7 of the declaration, "I was told by a care giver that Dorman Mitchell was seen crying in the lobby. I went to see Mr. Mitchell, and asked why he was crying. Mr. Mitchell told me he was crying because David Hall told him that he had to leave Redwood. Mr. Mitchell said he was sad because he did not want to leave, and had nowhere to go," contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay and double hearsay. FRE 802. It also lacks foundation and is not based on personal knowledge. FRE 602.

///

- 5 -

DEFTS' OBJECTIONS TO DECLARATIONS (CASE NO. C07-3652 MEJ)    1350395.1

**(6)    Declaration of Mae Louise Whitaker, Paragraphs 9, 11, 13, 14.**

The statement in paragraph 9 of the declaration that the declarant "heard from other tenants that the new managers at Redwood had begun to pressure residents to move out if they could no longer use the common dining room or did not otherwise fit the managers' definition of 'active, independent' seniors" contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay and double hearsay. FRE 802. It also lacks foundation and is not based on personal knowledge. FRE 602.

The statement in paragraph 11 of the declaration, "Denise Hall, one of the new managers, told me that my mother would have to move out if she continued to be unable to take meals in the dining room. I pointed out to them that in-home meal trays did not pose any extra burden or expense for Redwood, since my mother's home health aide picks up and returns the trays and dishes to the kitchen. I also asked for reimbursement for the meals my mother was not able to eat as a result of this policy," contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay. FRE 802.

The statement in paragraph 13 of the declaration, "I contacted Denise Hall, of the on-site managers to express my concern about the number of residents with disabilities who were facing eviction notices at Redwood," contains an out-of-court statement offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay. FRE 802. It also lacks foundation and is not based on personal knowledge. FRE 602.

The statement in paragraph 13 of the declaration, "Ms. Hall informed me that Redwood maintained a list of tenants who 'did not belong' at Redwood and that the list included tenants who use walkers and wheelchairs. She stated that Redwood was 'weeding out' the wheelchairs and walkers because 'they gave Redwood a bad impression,'" contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay. FRE 802.

The statement in paragraph 13 of the declaration, "I told Ms. Hall that I was very concerned my mother might be on the list. She stated that my mother was not on the 'first' list of tenants who had to leave, but that she was on a 'second' list, and that I better start looking for other housing for her because those on the second list would be asked to move out soon. When I

asked her why Redwood was evicting these people, she stated that the managers wanted Redwood to be a retirement home, like it used to be, rather than an 'old folks' home,'" contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is inadmissible hearsay. FRE 802.

The statement in paragraph 14 of the declaration, "since she first became aware of the eviction notices Redwood issued to tenants with disabilities and Redwood's 'meal tray' policy, my mother lived in fear of eviction. She was afraid to leave her apartment and worried that, if she did go into the common areas, the managers would give her notice to vacate due to her visible disabilities," lacks foundation and is not based on personal knowledge. FRE 602. It also contains improper conclusion and argument in violation of Local Civ. Rule 7-5(b).

DATED: August 5, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP

By: /s/ Kurt A. Franklin
KURT A. FRANKLIN
SARAH MOTT
Attorneys for Defendants
HARVEST REDWOOD RETIREMENT
RESIDENCE, L.L.C., doing business as
Redwood Retirement Residence,
RETIREMENT RESIDENCE, L.L.C.;
and HOLIDAY RETIREMENT CORP.