1  HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
   KURT A. FRANKLIN - 172715
2  SARAH D. MOTT - 148597
   425 Market Street, 26th Floor
3  San Francisco, CA  94105
   Telephone:    (415) 777-3200
4  Facsimile:    (415) 541-9366
   kfranklin@hansonbridgett.com
5  smott@hansonbridgett.com

6  Attorneys for Defendants
   HARVEST REDWOOD RETIREMENT RESIDENCE,
7  L.L.C., doing business as Redwood Retirement Residence,
   RETIREMENT RESIDENCE, L.L.C.; and HOLIDAY
8  RETIREMENT CORP.

9              **UNITED STATES DISTRICT COURT**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  GREATER NAPA FAIR HOUSING          No. C 07 3652 PJH
    CENTER, a California Not for Profit
13  Corporation, doing business as FAIR   **DECLARATION OF KURT A. FRANKLIN**
    HOUSING NAPA VALLEY, as an          **IN SUPPORT OF DEFENDANTS'**
14  individual entity only; RUBY DUNCAN,  **OPPOSITION TO MOTION FOR**
    an incompetent adult, by and through her **ISSUANCE OF PRELIMINARY**
15  Guardian Ad Litem, MAE LOUISE       **INJUNCTION**
    WHITAKER; and EVA NORTHERN, an
16  incompetent adult, by and through her   Date:   September 26, 2007
    Guardian Ad Litem, NANCY            Time:  9:00 a.m.
17  NORTHERN, each individually and on  Dept:  Ctrm. 3, 17th Fl.
    behalf of individuals similarly situated; Judge: Hon. Phyllis J. Hamilton
18  NANCY NORTHERN, in her individual
    capacity only; and MAE LOUISE
19  WHITAKER, in her individual capacity
    only,
20
                 Plaintiffs,
21
         v.
22
    HARVEST REDWOOD RETIREMENT
23  RESIDENCE, L.L.C., doing business as
    Redwood Retirement Residence;
24  REDWOOD RETIREMENT RESIDENCE
    L.L.C.; and HOLIDAY RETIREMENT
25  CORP.,

26               Defendants.

27

28

---

DECL KURT A. FRANKLIN IN SUPPT OPPO TO MTN FOR PRELIM INJUNCTION
(CASE NO. C 07 3652 PJH)                                          1351703.1

I, Kurt A. Franklin, hereby declare and state as follows:

1.    I am an attorney with the law firm Hanson, Bridgett, Marcus, Vlahos and Rudy, LLP, counsel of record for Defendants Harvest Redwood Retirement Residence L.L.C., doing business as Redwood Retirement Residence, Retirement Residence L.L.C., and Holiday Retirement Corp. (jointly referred to as "Defendants"), in the above-referenced matter. I have personal knowledge of the facts set forth herein, and if called to testify I could competently testify to them.

2.    Plaintiffs filed the complaint in this matter on July 16, 2007, and served the summons and complaint on Defendant Holiday Retirement Corp., on July 19, 2007. I first spoke with Holiday Retirement about this lawsuit on Monday, July 23, 2007. After my law firm performed a conflicts check, Holiday Retirement retained us to defend it. Later, we were asked to jointly represent all the Defendants. After being asked to defend Holiday Retirement, I was out of the office from July 25, 2007 through July 29, 2007, related to my speaking on class action trends at the Northern California County Counsel's annual meeting.

3.    The Defendants in this action are new clients to me. In addition, Holiday Retirement has a new general counsel, Rick Orizotti. It is my understanding that Mr. Orizotti joined Holiday shortly before Plaintiffs filed the complaint in this matter.

4.    On August 1, 2007, I spoke with counsel for Plaintiffs, Liza Cristol-Deman, and asked for an extension of time to respond to the complaint. I explained that (a) my firm had just been retained to represent Holiday Retirement in this matter, (b) I had been out of town speaking at a conference, (c) Holiday Retirement was a new client to me, and (d) Holiday Retirement had a newly-hired general counsel, so I did not yet have much institutional knowledge about my client. Ms. Cristol-Deman gave me a seven-day extension to file a responsive pleading, making the responsive pleading due on August 15, 2007. Ms. Cristol-Deman made no reference to her client's plan to file a motion for preliminary injunction the next day. Attached hereto as Exhibit A is a true and correct copy of an e-mail confirming the extension.

5.    On August 2, 2007, I received a "courtesy copy" of Plaintiffs' Motion for Preliminary Injunction from Ms. Cristol-Deman, which noticed a hearing on Thursday,

- 1 -

1  September 6, 2007. Ms. Cristol-Deman never checked with me or my office to see if this date

2  was clear on Defendants' calendar. With the proposed hearing date, Defendants' brief would be

3  due on Thursday, August 16, 2007, one day after the responsive pleading. Attached hereto as

4  Exhibit B is a true and correct copy of the e-mail from Plaintiffs attaching their Motion for

5  Preliminary Injunction.

6      6.    On August 3, 2007, I wrote opposing counsel and asked her to take the motion off

7  calendar because (a) the named plaintiffs did not have standing, (b) no class certification motion

8  was pending, and (c) none of the plaintiffs faced the irreparable harm that she hoped to enjoin. I

9  also asked for additional time to file a responsive pleading. Attached hereto as Exhibit C is a true

10 and correct copy of the letter I sent opposing counsel asking her to take the motion off calendar.

11     7.    On August 6, 2007, Plaintiffs responded to my August 3rd letter, stating that they

12 based their motion on Plaintiff Greater Napa Fair Housing Center (hereinafter "Center") having

13 standing. Attached hereto as Exhibit D is a true and correct copy of the letter from Plaintiffs

14 explaining that they believed the Center had standing, and they implicitly argue it is the Center

15 that faces "irreparable" harm.

16     8.    On August 7, 2007, I initiated a call to Plaintiffs to remind them that the Center

17 cannot, and does not, suffer irreparable harm such as contemplated by a motion for preliminary

18 injunction. I stated that a remedy at law, or damages (if any), was sufficient. Next, I asked

19 Plaintiffs to reschedule the motion because no discovery or initial disclosures had taken place,

20 that the facts were vigorously disputed, and that the motion raised numerous complex issues. I

21 followed up with a letter to Plaintiffs on that same date, a true and correct copy of which is

22 attached as Exhibit E.

23     9.    On August 8, 2007, I spoke with Ms. Cristol-Deman and she said she could only

24 give my client two additional weeks on a motion hearing date because it would otherwise

25 prejudice her clients. I explained that I had a long planned family vacation to Alaska, and that

26 two additional weeks was not enough time under the circumstances.

27     Next, she said she based standing for the preliminary injunction primarily with the Center

28 and the Center's allegation that "they're putting a lot of work into this case, and are required to

- 2 -

1   divert their resources." As an example, she said they were not spending time they would like to

2   on "grant writing." I responded that this was a damages issues, rather than something that needed

3   to be taken care of by way of preliminary injunction.

4       10.    On August 9, 2007, opposing counsel wrote me and said she would move the

5   hearing date to October 25, 2007, but only if Defendants would stipulate to a TRO. She

6   purported that "injuries will continue to mount, both to Fair Housing Napa Valley and potential

7   class members..." Attached hereto as Exhibit F is a true and correct copy of the above-referenced

8   letter received from opposing counsel.

9       11.    On August 9, 2007, I called opposing counsel in response to her August 9th letter.

10  I told her my clients would not stipulate to a TRO. While it was insufficient time to respond to

11  Plaintiffs' complex motion, I asked her to give my clients until October 4, 2007 -- with the

12  understanding we were likely to still file a motion with the court for additional time. An October

13  4th hearing date would have made Defendants' opposition due on September 13, 2007. In

14  response, opposing counsel sent me an e-mail saying they were moving the hearing date to

15  September 20, 2007 as a "professional courtesy." Attached hereto as Exhibit G is a true and

16  correct copy of opposing counsel 's August 9th e-mail moving the hearing date to September 20,

17  2007.

18      12.    On August 9, 2007, I e-mailed Plaintiffs and again asked them to reconsider their

19  position with respect to granting my clients additional time to respond to their motion for

20  preliminary injunction. Attached hereto as Exhibit H is a true and correct copy of my e-mail to

21  Plaintiffs asking them to reconsider my request for additional time to respond to their motion for

22  preliminary injunction.

23      13.    On August 10, 2007, Plaintiffs filed a notice to continue the hearing date to

24  September 20, 2007.

25      14.    On August 10, 2007, Defendants filed a declination to consent to a magistrate

26  judge.

27      15.    On August 15, 2007, Defendants filed their answer to the complaint in this matter.

28      16.    On August 17, 2007, Defendants received notice that the matter was reassigned to

- 3 -

DECL KURT A. FRANKLIN IN SUPPT OPPO TO MTN FOR PRELIM INJUNCTION
(CASE NO. C 07 3652 PJH)                                          1351703.1

1  Judge Phyllis J. Hamilton.

2      17.    On August 24, 2007, Defendants learned that Plaintiffs had re-noticed their motion

3  for a preliminary injunction for September 26, 2007.  Defendants did not receive timely notice of

4  the new hearing date, and Plaintiffs did not call to inquire about Defendants' availability to attend

5  such a hearing.  On August 24, 2007, I wrote Plaintiffs and asked them to re-notice the hearing

6  date so as to give Defendants adequate notice.  And once again, I asked them to take the motion

7  off calendar as it was improper.  Attached hereto as Exhibit I is a true and correct copy of my

8  letter to opposing counsel dated August 24, 2007.

9      18.    Plaintiffs' response to my letter, dated August 27, 2007, is attached hereto as

10  Exhibit J.  In it, Plaintiffs refuse to move the hearing date.

11      I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct.

13      Executed on this 5th day of September, 2007 at San Francisco, California.

14  DATED:  September 5, 2007                    HANSON BRIDGETT MARCUS
                                                VLAHOS & RUDY, LLP
15

16
                                        By:_____
17                                           KURT A. FRANKLIN
18                                           Attorneys for Defendants
                                             HARVEST REDWOOD RETIREMENT
19                                           RESIDENCE, L.L.C. doing business as
                                             Redwood Retirement Residence,
20                                           RETIREMENT RESIDENCE, L.L.C.;
                                             and HOLIDAY RETIREMENT CORP
21

22

23

24

25

26

27

28

- 4 -

DECL KURT A. FRANKLIN IN SUPPT OPPO TO MTN FOR PRELIM INJUNCTION
(CASE NO. C 07 3652 PJH)                                        1351703.1

**EXHIBIT A**

**Kurt A. Franklin**

| | |
|---|---|
| **From:** | Kurt A. Franklin |
| **Sent:** | Wednesday, August 01, 2007 11:33 AM |
| **To:** | 'lcristoldeman@brancart.com' |
| **Cc:** | Sarah D. Mott; J. Lorraine Nicolini |
| **Subject:** | Greater Napa Fair Housing Center v. Harvest Redwood Retirement Communities |

**Attachments:**    Kurt A. Franklin

Liza -

Per our phone call, we've just been retained to represent Holiday Retirement Corp. and other defendants in the above-referenced matter.  Thank you for the one-week extension to respond to the complaint.  With the extension given to defendants, I calendar a responsive pleading being due August 15, 2007.  We'll send you a stipulation that we can file with the court.

Please do not hesitate to call me if you have questions throughout this litigation.

Sincerely,

Kurt Franklin


**KURT A. FRANKLIN**
PARTNER
Direct Dial: 415.995.5086
E-mail: kfranklin@hansonbridgett.com

| | |
|---|---|
| HANSON | 425 Market Street, 26th Floor |
| **BRIDGETT** | San Francisco, CA 94105-2173 |
| MARCUS | Tel: 415.777.3200; Fax: 415.541.9366 |
| VLAHOS | Marin Office: 415.925.8400 |
| RUDY, LLP | Sacramento Office: 916.442.3333 |
| Web site: | http://www.hansonbridgett.com |

Kurt A. Franklin

1

**EXHIBIT B**

**Kurt A. Franklin**

| | |
|---|---|
| **From:** | Liza Cristol-Deman [lcristoldeman@brancart.com] |
| **Sent:** | Thursday, August 02, 2007 1:55 PM |
| **To:** | Kurt A. Franklin |
| **Subject:** | Redwood Retirement |

**Attachments:**    Declarations - Final.pdf; Exhibits - Final.pdf; notice and mpa - final.pdf; proposed order -
final.pdf

         

Declarations -     Exhibits - Final.pdf   notice and mpa -    proposed order -
Final.pdf (977 ...      (3 MB)            final.pdf (2 ...     final.pdf (21...

Hi, Kurt,

Here is a courtesy copy of the motion for preliminary injunction and related documents
that plaintiffs e-filed today.  I also have snail-mailed copies to you and the
defendants' agent for service.

Please let me know if you have any questions.  Thank you.

--
Liza Cristol-Deman
Brancart & Brancart
P.O. Box 686
Pescadero, CA  94060

(650) 879-0141


CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual or
entity to which it is addressed and may contain information that is privileged,
confidential, and exempt from disclosure under applicable law.  If you received this
communication in error, please notify me immediately.  Thank you.

**EXHIBIT C**

# Facsimile Cover Sheet



425 Market Street, 26th Floor, San Francisco, CA 94105
Tele: (415) 777-3200, Facsimile: (415) 541-9366

TO:     Liza Cristol-Deman, Esq.      RECEIVER'S FAX NO.      650.879.1033
        Brancart & Brancart          RECEIVER'S PHONE NO.    650.879.0141

FROM:   Kurt A. Franklin             TOTAL NUMBER OF PAGES:        5

DIRECT PHONE:   415 995 5086         DIRECT FAX:      415 995 3482

DATE:   August 3, 2007               ORIGINAL MAILED:        Yes, via U.S. mail

RE:     *Greater Napa Fair Housing Center v. Harvest Redwood Retirement Residence, et al.*

Liza -

A stipulation for additional time to respond to the original complaint is attached, along with a letter that asks you to take your preliminary injunction motion off calendar.

Per the attached letter, if plaintiffs plan to amend the complaint we prefer to answer just the amended complaint and request that you stipulate that no answer to the original complaint is necessary.

Lets talk on Monday.

Sincerely,

*Kurt*

Kurt

BILLING NO.:  22466.6

THIS COMMUNICATION, INCLUDING ANY ATTACHMENTS, IS CONFIDENTIAL AND MAY BE PROTECTED BY PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, ANY USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL, AND PERMANENTLY DELETE ALL COPIES, ELECTRONIC OR OTHER, YOU MAY HAVE.  THE FOREGOING APPLIES EVEN IF THIS NOTICE IS IMBEDDED IN A MESSAGE THAT IS FORWARDED OR ATTACHED.

Please immediately call (415) 777-3200 and ask for THE FAX CENTER if you do not receive all of the transmitted pages.

1339222.1

**HANSON**
**BRIDGETT**

**MARCUS**
**VLAHOS**
**RUDY·LLP**

**KURT A. FRANKLIN**
PARTNER
DIRECT DIAL 415 995 5086
DIRECT FAX 415 995 3482
REPLY TO SAN FRANCISCO
E-MAIL kfranklin@hansonbridgett.com

**VIA FACSIMILE**

August 3, 2007

Liza Cristol-Deman
Brancart & Brancart
PO Box 686
Pescadero, CA 94060-0686

Re:     Greater Napa Fair Housing Center v. Harvest Redwood Retirement Residence, et al.
         USDC, Northern Dist. CA, Case No. C07 03652 MEJ

Dear Ms. Cristol-Deman:

Thank you for the courtesy-copy of the Motion for Preliminary Injunction that you filed
yesterday. Upon review of the complaint in this matter, the motion, and the proposed order filed
with the Court, it is evident that the named plaintiffs do not have standing to obtain the benefit of
the relief sought by the preliminary injunction –they do not currently reside at Harvest Redwood
Retirement Residence. Moreover, there is no class-certification motion pending, and there is no
class. In short, neither of the two primary-named individual plaintiffs, Eva Northern and Ruby
Duncan, are in danger of experiencing any of the alleged irreparable harm you wish to enjoin.
(Per your motion, Ms. Northern lives in an assisted living facility and Ms. Duncan recently
passed away.) Similarly, the association lacks standing. As a matter of law, the motion for a
preliminary injunction will have to be denied.[1]

Next, you indicated in your motion an intent to file an amended complaint in this matter in the
near future, apparently adding a new plaintiff. Unless and until you do so, and have a client with
standing, your motion is at the very least premature and we request that you immediately take it
off calendar.

Finally, earlier in the week you agreed to grant Defendants until August 15th to file a responsive
pleading to the original complaint – thank you. Assuming you file a first amended complaint
within the next several weeks, we request a longer extension to file a responsive pleading so that
we may file a response to the first amended complaint rather than respond to a complaint that we
know will be superseded.

---

[1] Further, the named plaintiffs cannot show a strong or substantial likelihood or probability of success upon the
merits of their lawsuit.

**LAW OFFICES**
WWW.HANSONBRIDGETT.COM

| SAN FRANCISCO | NORTH BAY | SACRAMENTO |
|---|---|---|
| 425 MARKET STREET | WOOD ISLAND | 980 NINTH STREET |
| 26ᵀᴴ FLOOR | 80 E. SIR FRANCIS DRAKE BLVD.·SUITE 3E | SUITE 1500 |
| SAN FRANCISCO · CALIFORNIA 94105 | LARKSPUR · CALIFORNIA 94939 | SACRAMENTO · CALIFORNIA 95814 |
| TELEPHONE 415·777·3200 | TELEPHONE 415·925·8400 | TELEPHONE 916·442·3333 |
| FACSIMILE 415·541·9366 | FACSIMILE 415·925·8409 | FACSIMILE 916·442·2348 |
| | | |
| SF@HANSONBRIDGETT.COM | NORTHBAY@HANSONBRIDGETT.COM | SAC@HANSONBRIDGETT.COM |

1339127.1

Liza Cristol-Deaman
August 3, 2007
Page 2


Please let me know at your earliest convenience whether you will (1) grant our request for a longer extension to file a responsive pleading, and (2) voluntarily take the Motion for Preliminary Injunction off calendar.

Sincerely,

Kurt A. Franklin

KAF:ln

cc:     Sarah D. Mott, Esq.

1   HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
     KURT A. FRANKLIN – 172715
2   SARAH D. MOTT - 148597
     425 Market Street, 26th Floor
3   San Francisco, CA  94105
     Telephone:    (415) 777-3200
4   Facsimile:    (415) 541-9366
     kfranklin@hansonbridgett.com
5   smott@hansonbridgett.com

6   Attorneys for Defendant
     HOLIDAY RETIREMENT CORP.

7

8               **UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11

12   GREATER NAPA FAIR HOUSING       No. C07 03652 MEJ
     CENTER, a Calfiornia Not for Profit
13   Corporation, doing business as FAIR    **STIPULATION EXTENDING TIME FOR**
     HOUSING NAPA VALLEY, as an       **DEFENDANT HOLIDAY RETIREMENT**
     individual entity only, et al.,         **CORP. TO RESPOND TO COMPLAINT**
14

15           Plaintiffs,

16      v.

17   HARVEST REDWOOD RETIREMENT
     RESIDENCE, L.L.C., doing business as
18   Redwood Retirement Residence;
     REDWOOD RETIREMENT RESIDENCE
19   L.L.C. and HOLIDAY RETIREMENT
     CORP.,
20           Defendants.

21

22       Plaintiffs and defendant HOLIDAY RETIREMENT CORP. ("Defendant") through their

23   respective undersigned counsel, stipulate as follows:

24       1.  Defendant is granted an extension of time to and including August 15, 2007, to answer

25   or otherwise respond to plaintiffs' complaint.

26       2.  In the event either defendant files a motion in lieu of an answer to plaintiffs'

27   complaint, the hearing on such motion shall be set on a date no sooner than thirty-five (35) days

28   from the filing of said motion.

                               - 1 -

1    3.  Defendants further stipulate that defendants will comply with any and all due dates

2  dictated by the Federal Rules of Civil Procedure, the Local Rules of Court, and/or any scheduling

3  order issued by the court prior to the date on which defendants' responsive pleading is due

4  hereunder.

5  DATED:  August ____, 2007                    BRANCART & BRANCART

6

7                                               By:_____

8                                                  LIZA A. CRISTOL-DEMAN
                                                   Attorneys for Plaintiffs
9

10  DATED:  August 3, 2007                       HANSON BRIDGETT MARCUS
                                                  VLAHOS & RUDY, LLP
11

12                                               By:_____

13                                                  KURT A. FRANKLIN
                                                    Attorneys for Defendant
14                                                  HOLIDAY RETIREMENT CORP.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**EXHIBIT D**

# BRANCART & BRANCART
## ATTORNEYS AT LAW
### P.O. BOX 686
### PESCADERO, CA 94060

*Christopher Brancart*
*Elizabeth Brancart*
*Liza Cristol-Deman*

*Telephone (650) 879-0141*
*Facsimile (650) 879-1103*
*www.brancart.com*

---

**Street Address**
8205 Pescadero Road
Loma Mar, California 94021

August 6, 2007

<u>VIA EMAIL ONLY</u>

Mr. Kurt A. Franklin
Hanson Bridgett Marcus Vlahos Rudy LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

   Re:   *Greater Napa Fair Housing Center et al. v. Harvest Redwood et al.*

Dear Mr. Franklin:

   Thank you for your letter dated August 3, 2007, regarding plaintiffs' motion for issuance of a preliminary injunction.

   Plaintiffs will not agree to take our motion off calendar, because we disagree with your assertion that the motion will be denied as a matter of law. Greater Napa Fair Housing Center has standing to bring these claims, and therefore has standing to bring this motion. Supreme Court and Ninth Circuit case law are clear: fair housing agencies have standing in such cases if they have suffered injuries. *See, e.g.,* Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982); *Fair Housing of Marin v. Combs,* 285 F.3d 899, 905 (9th Cir. 2002); Housing Rights Center v. Donald Sterling Corp., 284 F.Supp. 2d. 1129 (C.D. Cal. 2003). Greater Napa Fair Housing Center has standing in this case, because it has suffered injuries substantially similar to those incurred by the agencies in the cases cited above, and will continue to suffer if plaintiffs' motion is denied. I strongly believe, moreover, that this is a clear liability case that warrants a preliminary injunction.

   I am uncertain about where you believe we indicated an intent to file an amended complaint. Our motion references the death of Ruby Duncan, and we will file a motion for substitution naming her successor in interest pursuant to Fed.R.Civ.P. 25(a). Her successor in interest is Louise Whitaker, who is already named as a plaintiff and Ms. Duncan's guardian ad litem. The substitution will not require an amended complaint.

   Please feel free to contact me if you would like to discuss this matter.

                                        Sincerely yours,

                                        Liza Cristol-Deman

**EXHIBIT E**

**KURT A. FRANKLIN**
PARTNER
DIRECT DIAL 415 995 5086
DIRECT FAX 415 995 3482
REPLY TO SAN FRANCISCO
E-MAIL kfranklin@hansonbridgett.com

**HANSON BRIDGETT**

**MARCUS VLAHOS RUDY·LLP**

VIA FACSIMILE

August 7, 2007

Liza Cristol-Deman
Brancart & Brancart
PO Box 686
Pescadero, CA 94060-0686

Re:   Motion for Preliminary Injunction
      *Greater Napa Fair Housing Center v. Harvest Redwood Retirement Residence, et al.*
      USDC, Northern Dist. CA, Case No. C07 03652 MEJ

Dear Ms. Cristol-Deman:

I attempted to call you about the scheduling of the above-referenced motion. While I am disappointed you will not take your motion for preliminary injunction off calendar, I now ask you to reconsider the timing of your motion – ideally the motion should be set for hearing for a date after the case management conference, and minimally it should be calendared many, many weeks from the date you have calendared in early September.

First, your motion raises multiple complex issues. The commentary of the Northern District's local rules state that "response and reply to motions are minimum time periods. For complex motions, parties are encouraged to stipulate to or seek a Court order establishing a longer notice period with correspondingly longer periods for response on Reply. See Civil L.R. 1-4 and 1-5." You e-mailed me a courtesy copy of your motion last Thursday afternoon, making Holiday Retirement's opposition due ten business days later – just one day after we file an answer.

Here, the complex issues include, but are not limited to, the following: (1) whether the named plaintiffs can show a required high likelihood of success on the merits of the various nuanced civil rights laws; (2) whether the named plaintiffs (none of whom currently live at Harvest Redwood) can show irreparable harm in the absence of the court issuing a preliminary injunction; (3) whether the named plaintiffs have standing; (4) whether the named plaintiffs abided by the terms and conditions of their occupancy; (5) whether the named plaintiffs requested a reasonable accommodation, and if so, the nature of the requested accommodation; (6) if an accommodation was requested by the named plaintiffs whether they were reasonable; (7) whether the requested accommodations would fundamentally alter the nature of defendant's

**LAW OFFICES**
WWW.HANSONBRIDGETT.COM

SAN FRANCISCO　　　　　　　　　　　　　NORTH BAY　　　　　　　　　　　　　SACRAMENTO

425 MARKET STREET　　　　　　　　　　　WOOD ISLAND　　　　　　　　　　　980 NINTH STREET
26ᵀᴴ FLOOR　　　　　　　　　　　80 E. SIR FRANCIS DRAKE BLVD.·SUITE 3E　　　　　　　SUITE 1500
SAN FRANCISCO · CALIFORNIA 94105　　　　　　LARKSPUR · CALIFORNIA 94939　　　　SACRAMENTO · CALIFORNIA 95814
TELEPHONE 415-777-3200　　　　　　　　TELEPHONE 415-925-8400　　　　　　TELEPHONE 916-442-3333
FACSIMILE 415-541-9366　　　　　　　　FACSIMILE 415-925-8409　　　　　　FACSIMILE 916-442-2348

SF@HANSONBRIDGETT.COM　　　　　　NORTHBAY@HANSONBRIDGETT.COM　　　　　　SAC@HANSONBRIDGETT.COM

1341415.1

Liza Cristol-Deaman
August 7, 2007
Page 2

business; (8) whether the named plaintiffs posed a threat to themselves, or others; (9) whether the named plaintiffs voluntarily consented to leaving the premises; (10) the nature of the claimed disability of the named plaintiffs; (11) the purported specific disability of the putative class; (12) the appropriateness of requesting class relief by way of this quick motion, before a motion for class certification is heard; (13) the likelihood of success of a class certification motion; (14) how a residential retirement facility like defendant may not be licensed to provide the accommodation or level of care requested by plaintiffs (Health & Safety Code section 1569, *et seq.*); and (15) the fact that putative class members need do nothing if they feel they will wrongly receive an eviction notice.

More specifically, with respect to the claimed irreparable harm of possible eviction, even if the plaintiffs' allegations and concerns were true (and they are not), under California law before a putative plaintiff can be evicted Holiday Retirement would be required to serve each putative plaintiff with a proper eviction notice. If the tenant did not move, then Holiday Retirement would be required to initiate an unlawful detainer action. Ultimately, the tenant would have the opportunity to raise any alleged discrimination claims as a defense to the unlawful discrimination, in a jury trial – likely preventing eviction if he or she was correct in his or her discrimination claim.

Second, related to complexity, this matter is filed as a putative class with multiple named plaintiffs and named defendants. Holiday Retirement is a new client to me personally, and the company has a new general counsel as well. In short, I lack the typical institutional memory that I have in many cases and it will take me some time to identify witnesses, interview them, and to gather facts and documents.

Third, as a practical matter, recalendaring may happen anyways if my client does not consent to having a magistrate judge conduct all proceedings in this trial. If Holiday Retirement does not consent to having Judge James for all purposes, the case will be reassigned to an Article III judge who will issue both a new case management order and new hearing date on your motion.

Fourth, I am leaving next week for a long-planned vacation with my family – and I am the lead counsel in this case. It is a hardship on me and my client to have multiple attorneys get up to speed on this case in a short time frame. As a professional courtesy, given the lack of any immediate harm to the named plaintiffs, I ask that you consider recalendaring your motion for this purpose alone.

Finally, moving forward, it would be great if counsel show flexibility and courtesy towards each other's schedules in calendaring motions, depositions, and discovery responses – including a quick phone call to clear dates on important motions. Assuming there is reciprocity, it is my initial and regular practice to extend such professional courtesy to opposing counsel.

Liza Cristol-Deaman
August 7, 2007
Page 3


Please let me know right away if you are willing to postpone the motion, recalendar the motion to a later date, or if I need to seek the court's assistance with respect to rescheduling.

Sincerely,

Kurt A. Franklin

KAF:ln

cc:     Sarah D. Mott, Esq.

**EXHIBIT F**

# BRANCART & BRANCART
## ATTORNEYS AT LAW

*Christopher Brancart*
*Elizabeth Brancart*
*Liza Cristol-Deman*

P.O. BOX 686
PESCADERO, CA 94060

*Telephone (650) 879-0141*
*Facsimile (650) 879-1103*
*www.brancart.com*

Street Address
8205 Pescadero Road
Loma Mar, California 94021

August 9, 2007

VIA EMAIL ONLY

Mr. Kurt A. Franklin
Hanson Bridgett Marcus Vlahos Rudy LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

Re:   *Greater Napa Fair Housing Center et al. v. Harvest Redwood et al.*, Case
No. C 07-3652 MEJ

Dear Mr. Franklin:

Thank you for your letter dated August 7, 2007, regarding plaintiffs' motion for issuance of a preliminary injunction.

Plaintiffs have considered your request to postpone the motion for issuance of preliminary injunction. If defendants are willing to stipulate to a temporary restraining order containing the terms of relief outlined in our motion, we will agree to move the hearing date to October 25, 2007, the date of the case management conference. We could agree that defendants have not waived their right to argue the merits of the motion by stipulating to the TRO. Please let me know if you would like to discuss this possibility.

It is not my intention to jam your schedule or interfere with your vacation plans. Under most circumstances, I am willing to extend professional courtesies by granting extensions for responses to discovery or motions that are not time-sensitive. I have already agreed to the extension you requested for responding to plaintiffs' complaint and would hope for reciprocal courtesies from you in the future should the need arise.

The relief we seek in the motion for preliminary injunction, however, is time-sensitive. As we discussed on the phone yesterday, injuries will continue to mount, both to Fair Housing Napa Valley and potential class members, until defendants' discriminatory policies and practices cease. Because of the important relief sought by way of the motion and the serious injuries that will ensue if the discrimination continues, I cannot in good conscience agree to the extension you request unless we have a TRO in place.

Mr. Kurt A. Franklin
August 9, 2007
Page 2

Please feel free to contact me if you would like to discuss this matter.

Sincerely yours,

Liza Cristol-Deman

**EXHIBIT G**

**Kurt A. Franklin**

**From:** Liza Cristol-Deman [lcristoldeman@brancart.com]
**Sent:** Thursday, August 09, 2007 12:00 PM
**To:** Kurt A. Franklin
**Subject:** Redwood Retirement

Kurt,
I have thought about your proposal to accept the 2-week extension we have offered and then seek more time from the Court.

We have offered a 2-week extension as a professional courtesy to you.

We oppose any additional time beyond the 2-week extension since defendants have refused to agree to a TRO to halt the the meal tray charges and evictions of people with disabilities.

If you feel you need more time beyond the 2 weeks, please file an application with the Court.

In the interim, I will file a notice moving the hearing to September 20 by the end of the day tomorrow.

Please let me know if you want to discuss this.

--
Liza Cristol-Deman
Brancart & Brancart
P.O. Box 686
Pescadero, CA  94060

(650) 879-0141


CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If you received this communication in error, please notify me immediately.  Thank you.

1

**EXHIBIT H**

**Kurt A. Franklin**

| | |
|---|---|
| From: | Kurt A. Franklin |
| Sent: | Thursday, August 09, 2007 4:07 PM |
| To: | 'Liza Cristol-Deman' |
| Cc: | Sarah D. Mott |
| Subject: | Greater Napa Housing Ctr v. Harvest Redwood Ret. Ctr. (Holiday Retirement Corp.) - Request for Additional Time to Brief Preliminary Injunction Motion |

Dear Ms. Cristol-Deman -

I received your email refusing our request for a four-week extension to respond to your request for preliminary injunction. As I repeatedly expressed to you, this puts my client in an untenable position.

It is difficult to understand your articulated reason for refusing to grant us more than a two-week extension, i.e., because of some generalized harm that supposedly may befall some unidentified (and unrepresented) resident if the motion is postponed, and that the Court will not take you seriously if you grant us a longer extension. First, as we have discussed, I see no irreparable harm, much less any urgency that would cause the Court to need to act. Neither of your clients resides at Holiday Retirement. Moreover, Courts would rather hear matters on the merits. It is difficult not to conclude that your refusal is anything other than an attempt to have the motion heard before a proper investigation and defense can be prepared.

As we discussed on the phone on several occasions, two additional weeks is not enough time even under ordinary circumstances to brief the Court on this critical matter. It would be irresponsible for us to respond to such a complicated legal and factual analysis on such short notice given the breadth of the claims and my lack of familiarity with the client. Indeed, on our part, limiting the request for an extension to four weeks was in the spirit of compromise. Your motion should be heard after the case management conference and Rule 26 initial disclosures, when all parties are able to conduct discovery.

I regret that you are choosing to litigate this case in this manner, particularly since I have been candid in my reasons for requesting that extension, which include a long-planned family vacation. Unless we receive an extension to October 4th, we have no choice but to ask the court for additional time to respond to your motion. We believe it is both unnecessary and unfortunate that the first time the Court hears from us on this matter will be over a request for additional time to brief a motion.

I remain hopeful that you will reconsider your position on the extension, as I think all of us want to ensure that this issue is decided on the merits rather than on legal maneuvering. We are doing nothing more than asking for an adequate time to investigate and respond to allegations set forth in the complaint.

Finally, I look forward to receiving your revised notice for hearing date tomorrow and sincerely hope that we will not have to file a motion for the extra two weeks we seek. As you know, I will be in Alaska beginning next week, for the planned family vacation that I told you about: I will not be able to check my voice mail or e-mail with any regularity. Please contact my colleague, Sarah Mott, in my absence (414.995-5077/smott@hansonbridgett.com).

Sincerely,

Kurt Franklin


KURT A. FRANKLIN
PARTNER
Direct Dial: 415.995.5086
E-mail: kfranklin@hansonbridgett.com

| | |
|---|---|
| HANSON | 425 Market Street, 26th Floor |
| BRIDGETT | San Francisco, CA  94105-2173 |

1

MARCUS          Tel: 415.777.3200; Fax: 415.541.9366
VLAHOS          Marin Office: 415.925.8400
RUDY, LLP       Sacramento Office: 916.442.3333

Web site:       http://www.hansonbridgett.com


-----Original Message-----
From: Liza Cristol-Deman [mailto:lcristoldeman@brancart.com]
Sent: Thursday, August 09, 2007 12:00 PM
To: Kurt A. Franklin
Subject: Redwood Retirement

Kurt,
I have thought about your proposal to accept the 2-week extension we have offered and then
seek more time from the Court.

We have offered a 2-week extension as a professional courtesy to you.

We oppose any additional time beyond the 2-week extension since defendants have refused to
agree to a TRO to halt the the meal tray charges and evictions of people with
disabilities.

If you feel you need more time beyond the 2 weeks, please file an application with the
Court.

In the interim, I will file a notice moving the hearing to September 20 by the end of the
day tomorrow.

Please let me know if you want to discuss this.

--
Liza Cristol-Deman
Brancart & Brancart
P.O. Box 686
Pescadero, CA  94060

(650) 879-0141


CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual or
entity to which it is addressed and may contain information that is privileged,
confidential, and exempt from disclosure under applicable law.  If you received this
communication in error, please notify me immediately.  Thank you.

**EXHIBIT I**

**KURT A. FRANKLIN**
PARTNER
DIRECT DIAL 415 995 5086
DIRECT FAX 415 995 3482
REPLY TO SAN FRANCISCO
E-MAIL kfranklin@hansonbridgett.com

**HANSON**
**BRIDGETT**

ᴍᴀʀᴄᴜꜱ
ᴠʟᴀʜᴏꜱ
ʀᴜᴅʏ·ʟʟᴘ

VIA FACSIMILE

August 24, 2007

Liza Cristol-Deman
Brancart & Brancart
PO Box 686
Pescadero, CA 94060-0686

Re:    Motion for Preliminary Injunction
       *Greater Napa Fair Housing Center v. Harvest Redwood Retirement Residence, et al.*
       USDC, Northern Dist. CA, Case No. C07 03652 PJH

Dear Ms. Cristol-Deman:

By happenstance, we learned this afternoon that you have re-noticed your Motion for Preliminary Injunction for September 26, 2007. Putting aside your lack of communication in arbitrarily re-scheduling such a motion, which I previously have raised with you, you did not serve us with a copy of the new notice, and we never received an e-filing notification.

Consider this a demand that you re-notice the Motion, preferably after consulting with me about dates, and serve us with a copy of the new notice and Motion. No matter whose mistake it is, i.e., yours or the Court's, we have a right to adequate notice.

More important, however, is my concern about the fact that you have re-noticed the Motion, assumedly without any amendments or additional declarations and, we believe, <u>with knowledge that no conditions for seeking an injunction exist</u>. Please consider this letter notice that if you continue to press this Motion for Injunction, we will seek Rule 11 sanctions for, *inter alia,* the following reasons, which will be substantiated by declarations:

1) All of the declarations filed by your office in support of this Injunction reference periods before May 2007. It is now late August. Putting aside the fact that most of these declarations will be stricken as hearsay, there is nothing to enjoin because all the circumstances that might have warranted an injunction have been rendered moot since before the Complaint was filed.

2) There are no eviction notices pending and there is no plan to issue any eviction notices. Although your MPA states that in October 2006 "an unknown number of eviction letters" and notices were sent out, the number is one (1). In April 2007, the "second round" of letters and

**LAW OFFICES**
WWW.HANSONBRIDGETT.COM

SAN FRANCISCO

425 MARKET STREET
26ᵀᴴ FLOOR
SAN FRANCISCO · CALIFORNIA 94105
TELEPHONE 415·777·3200
FACSIMILE 415·541·9366

SF@HANSONBRIDGETT.COM

NORTH BAY

WOOD ISLAND
80 E. SIR FRANCIS DRAKE BLVD·SUITE 3E
LARKSPUR · CALIFORNIA 94939
TELEPHONE 415·925·8400
FACSIMILE 415·925·8409

NORTHBAY@HANSONBRIDGETT.COM

SACRAMENTO

980 NINTH STREET
SUITE 1500
SACRAMENTO · CALIFORNIA 95814
TELEPHONE 916·442·3333
FACSIMILE 916·442·2348

SAC@HANSONBRIDGETT.COM

1345591.1

Liza Cristol-Deaman
August 24, 2007
Page 2

notices consisted of a group of five (5), one of whom was the same person who was sent a letter and notice in October 2006. She had been reasonably accommodated for a period after a request for an extension. Of those five residents, three (3) moved out, the final person after yet another extension. One (1) resident, Dorman Mitchell, continues to live at Redwood Retirement Residence and is under no eviction notice because he and the managers worked out accommodations acceptable to all parties. You knew, or should have known, these facts.

3) No residents are being charged for meal trays. If they were charged at any time, they have not been charged since at least April 2007 and the resident managers now in place do not have a meal tray policy.

4) The resident managers who apparently engendered complaints from a few residents (or their children), David and Denise Hall, left the facility in late April. We know of no complaints since that time, nor do any of the declarations supporting your motion for injunction mention any complaints. This is despite substantial efforts on the part of Greater Napa Valley Housing Center to solicit such complaints on at least three separate occasions:

a) by placing letters and leaflets under residents' doors without permission (i.e., trespassing) on or about June 15, 2007; upon being approached by a member of the management team, the two women refused to identify themselves and literally ran away, but residents brought copies of the letters and leaflets to the managers,

b) by sending a letter to each resident of Redwood Retirement Residence, soliciting complaints, on or about July 19, 2007, and

c) by making telephone calls to residents as recently as last week asking them if they ever had been threatened with eviction.

5) As I have mentioned in previous letters, under California law before any of the putative plaintiffs could be evicted (and there are presently no plans for eviction), Holiday Retirement would be required to serve each putative plaintiff with a proper eviction notice. If the resident did not move, then Holiday Retirement would be required to initiate an unlawful detainer action. Ultimately, the resident would have the opportunity to raise any alleged discrimination claims as a defense to the unlawful discrimination, in a jury trial – likely preventing eviction if he or she was correct in his or her discrimination claim.

6) There is nothing illegal about using the phrase "active" or "independent" in marketing materials or any other materials. Your suggestion that disabled persons cannot be active or independent is nonsense and perhaps we could have a rousing discussion about it, but there is literally no chance that any Court would direct our client to redact those words from its marketing or any other materials. Indeed, Redwood Retirement Residence has a number of residents with disabilities, not a surprising fact since the average resident is in her early to mid-eighties. Daily, Redwood Retirement Residence accommodates residents with disabilities as a matter of policy and practice.

1345591.1

Liza Cristol-Deaman
August 24, 2007
Page 3

I look forward to your response and your withdrawal of this Motion.

Sincerely,

Kurt A. Franklin

KAF:ln

cc:    Sarah D. Mott, Esq.

**EXHIBIT J**

# FACSIMILE

<div style="border: 1px solid black;">

**Brancart & Brancart**
**Post Office Box 686**
**Pescadero, California  94060**
**Telephone:  (650) 879-0141**
**Facsimile:  (650) 879-1103**

</div>

**TO:**  Kurt A. Franklin

**FROM:**  Liza Cristol-Deman

**SUBJECT:** Greater Napa v. Harvest Redwood

**FAX NO.:**  415-995-3482

**DATE:**  August 27, 2007

**PAGES (INCLUDING COVER):**  2

○ urgent          ○ for review          ○ please comment          ○ please sign and return by fax

---

**If you encounter difficulty receiving this transmission, please  telephone (650) 879-0141.   Thank you.**

This transmission is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and either destroy the material or return it to us via the United States Postal Service.  Thank you.

# BRANCART & BRANCART
## ATTORNEYS AT LAW

*Christopher Brancart*  
*Elizabeth Brancart*  
*Liza Cristol-Deman*

P.O. BOX 686  
PESCADERO, CA 94060

*Telephone (650) 879-0141*  
*Facsimile (650) 879-1103*  
*www.brancart.com*

***

**Street Address**  
8205 Pescadero Road  
Loma Mar, California 94021

August 27, 2007

<u>VIA FACSIMILE AND EMAIL</u>

Mr. Kurt A. Franklin  
Hanson Bridgett Marcus Vlahos Rudy LLP  
425 Market Street, 26th Floor  
San Francisco, CA 94105

     Re:   *Greater Napa Fair Housing Center et al. v. Harvest Redwood et al.,* Case  
             No. C 07-3652 PJH

Dear Mr. Franklin:

     Thank you for your letter dated August 24, 2007 regarding plaintiffs' motion for preliminary injunction.

     I re-noticed the hearing for September 26, 2007 after we received a notice from Judge Hamilton vacating all previous hearing dates. September 26, 2007 was the next available date on the court's calendar.

     I am sorry that you did not receive the renotice directly from the Court. I do not believe, however, that the accusatory tone of your letter is appropriate. Local Rule 5-5(b) mandates electronic service in all e-filing cases, and General Order 45 indicates that service is completed by the Court's ECF system. Since defendants had already e-filed their answer and several other electronic documents in the case, I assumed that you had registered to receive electronic notices from the court of all e-filed documents, since registration is required under General Order 45.

     After I received your letter, I checked PACER to see if your email address is registered to receive notice of all e-filings in the case, and it is. I then called the Court's e-filing help desk at the Northern District to find out why you did not receive the re-notice and to ensure that this problem does not reoccur. The clerk could only speculate that perhaps you did not originally check the box requesting to receive ECF notices in the case.

     We will not withdraw our motion. If you continue to believe that you need additional time to respond, please seek relief from the Court.

                     Sincerely yours,

                     Liza Cristol-Deman