BRANCART & BRANCART
   Christopher Brancart (SBN 128475)
   Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103
cbrancart@brancart.com
lcristoldeman@brancart.com

Attorneys for all Plaintiffs

PROTECTION & ADVOCACY, INC.
   Stuart Seaborn (SBN 198590)
   Dara Schur (SBN 98638)
   Eric Gelber (SBN 95256)
100 Howe Ave. Suite 235N
Sacramento, CA 95825
Tel:   (916) 488-9950
Fax:   (916) 488-9960
stuart.seaborn@pai-ca.org

Attorneys for Ruby Duncan, Eva Northern,
and Class Plaintiffs Only

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREATER NAPA FAIR HOUSING CENTER,** a California Not for Profit Corporation, doing business as **FAIR HOUSING NAPA VALLEY,** as an individual entity only; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **HARVEST REDWOOD RETIREMENT RESIDENCE, L.L.C.,** doing business as Redwood Retirement Residence; et. al, <br><br> **Defendants.** | Case No. C07-3652 PJH <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br><br> **HEARING:** <br> Date: September 26, 2007 <br> Time: 9:00 a.m. <br> Place: 450 Golden Gate Ave., <br>       Courtroom 3, 17th Floor |

      Defendants Harvest Redwood Retirement, LLC, Redwood Retirement Residence, Redwood Retirement Residence LLC, and Holiday Retirement Corporation (hereinafter "Defendants") submitted a lengthy list of evidentiary objections to declarations Plaintiffs submitted in support of the Motion for Preliminary Injunction. As shown below, Defendants'

attempt to exclude these declarations on admissibility grounds fails to apply the appropriate evidentiary standards applicable to a motion for preliminary injunction and is based on an incorrect reading of the Federal Rules of Evidence.[1] Accordingly, the Court should overrule Defendants' objections and consider the evidence Plaintiffs have submitted by declaration as it decides on the Motion for Preliminary Injunction.

I. **Defendants' Objections Fail to Apply the Appropriate Evidentiary Standards for Consideration of Declarations Submitted in Support of a Motion for Preliminary Injunction**

Defendants Objections fail to take into account the context of this hearing. Unlike the standards for evidence submitted at trial, Courts may consider evidence that may be inadmissible at trial in the context of a motion for preliminary injunction. *See The Republic of the Phillippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)("The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial.") Among the items Courts may consider to make a determine on preliminary relief are declarations containing hearsay. *Id.* As such, Defendants' numerous hearsay objections, regardless of their validity under the Federal Rules of Evidence, should not be considered in the context of this Motion.

///

///

///

---

[1] Rather than address each objection individually, Plaintiffs submit this Response to demonstrate how Defendants' failure to use the appropriate evidentiary standards in the context of a motion for preliminary injunction and their misreading of the Federal Rules of Evidence invalidate all of their objections to Plaintiffs' declarations.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION – CASE NO. C 07-3652 PJH**

## II. Many of the Statements Defendants Object to Are Admissible as Admissions by a Party Opponent or Under the Exceptions to Hearsay Rule

Even if the Court were to apply the strict standards of the Federal Rules of Evidence, including the limitations on hearsay evidence, Defendants have failed to show that the declaration testimony Plaintiffs submitted is inadmissible. For example, Defendants object to Plaintiffs' submission of numerous statements made by Defendants' own staff and management while they were acting in the scope of their employment relationship. As such, all of these statements are considered admissions by a party opponent under Fed. R. Evid. 801(d)(2) and, are therefore, not hearsay.

Defendants also object to multiple statements involving Redwood residents' expressions of emotions, such as fear and sadness (*e.g.* the statement in paragraph 7 of Priscilla Valencia's declaration: "I went to see Mr. Mitchell and asked why he was crying . . . Mr. Mitchell told me he was sad because he did not want to leave, and had nowhere to go.") Plaintiffs have not offered such statements to prove the truth of the matter asserted, but rather to show residents' existing emotional states when they made these statements. As such, these statements are admissible under the exceptions to the Hearsay Rule. Fed. R. Evid. 803(3).

## III. Conclusion

Defendants failure to apply the appropriate evidentiary standards to the Court's consideration of declaration testimony in the context of a motion for preliminary injunction and their incorrect application of the Federal Rules of Evidence render their objections to Plaintiffs' declarations void, and, therefore, the Court should consider all of the testimony in these declarations as it makes its determination on the Motion for Preliminary Injunction.

DATED:   September 12, 2007

Respectfully submitted,
BRANCART & BRANCART
PROTECTION & ADVOCACY, INC.

_____
Stuart Seaborn
Attorneys for Plaintiffs

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION – CASE NO. C 07-3652 PJH**