1  HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
   KURT A. FRANKLIN - 172715
2  kfranklin@hansonbridgett.com
   SARAH D. MOTT - 148597
3  smott@hansonbridgett.com
   MOLLY A. LEE - 232477
4  mlee@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, CA  94105
   Telephone:    (415) 777-3200
6  Facsimile:     (415) 541-9366

7  Attorneys for Defendants
   HARVEST REDWOOD RETIREMENT RESIDENCE,
8  L.L.C., doing business as Redwood Retirement Residence,
   RETIREMENT RESIDENCE, L.L.C.; and HOLIDAY
9  RETIREMENT CORP.

10              **UNITED STATES DISTRICT COURT**

11        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13  GREATER NAPA FAIR HOUSING          No. C07-3652 MEJ
    CENTER, a California Not for Profit
14  Corporation, doing business as FAIR    **OBJECTIONS TO DECLARATIONS IN**
    HOUSING NAPA VALLEY, as an         **SUPPORT OF PLAINTIFFS' REPLY TO**
15  individual entity only; RUBY DUNCAN,   **DEFENDANTS' OPPOSITION TO**
    an incompetent adult, by and through her  **PLAINTIFFS' MOTION FOR ISSUANCE**
16  Guardian Ad Litem, MAE LOUISE       **OF PRELIMINARY INJUNCTION**
    WHITAKER; and EVA NORTHERN, an
17  incompetent adult, by and through her   Date:   September 26, 2007
    Guardian Ad Litem, NANCY            Time:   9:00 a.m.
18  NORTHERN, each individually and on    Dept:   Ctrm. 3, 17th Fl.
    behalf of individuals similarly situated;  Judge:  Hon. Phyllis J. Hamilton
19  NANCY NORTHERN, in her individual
    capacity only; and MAE LOUISE
20  WHITAKER, in her individual capacity
    only,
21
                 Plaintiff,
22
           v.
23
    HARVEST REDWOOD RETIREMENT
24  RESIDENCE, L.L.C., doing business as
    Redwood Retirement Residence;
25  REDWOOD RETIREMENT RESIDENCE
    L.L.C.; and HOLIDAY RETIREMENT
26  CORP.,

27              Defendants.

28

                            - 1 -

1    Defendants Harvest Redwood Retirement Residence, LLC, Redwood Retirement

2  Residence, Redwood Retirement Residence LLC, and Holiday Retirement Corporation

3  ("Defendants") object to the admissibility of the following evidence presented by Greater Napa

4  Fair Housing Center, et al. ("Plaintiffs") in connection with Plaintiffs' Motion for Issuance of

5  Preliminary Injunction, set for hearing on September 26, 2007 before this Court.

6    **(1)    Declaration of Marie Broman**

7    The statement in paragraph 5 of the declaration, "I think these charges unfairly penalize

8  people with permanent disabilities who cannot use the dining room I am concerned that in the

9  future, I might not be able to use the dining room, and I would have to pay these extra charges,"

10  contains improper conclusions and argument in violation of Local Rule 7-5(b).

11    The statement in paragraph 7 of the declaration, "I heard that some residents were being

12  asked or ordered to move out of Redwood.  I heard that the managers wanted them to move

13  because they could not use the dining room, or could not take care of themselves.  Word of these

14  move-out notices spread throughout Redwood very quickly," contains out-of-court statements

15  offered to prove the truth of the matter asserted, as such it is inadmissible hearsay and double

16  hearsay.  FRE 802.  It also lacks foundation and is not based on personal knowledge.  FRE 602.

17    The statement in paragraph 8 of the declaration, "[w]hen I heard that Mrs. Dundan was

18  'on the list' for eviction, I became very concerned about my own future at Redwood," lacks

19  foundation and contains an out-of-court statement offered to prove the truth of the matter

20  asserted.  As such, it is inadmissible hearsay.  FRE 802.

21    The statement in paragraph 9 of the declaration, "I also have heard that the managers do

22  not want walkers and wheelchairs at the dining room table," contains an out-of-court statement

23  offered to prove the truth of the matter asserted.  As such, it is inadmissible hearsay.  FRE 802.  It

24  also lacks foundation and is not based on personal knowledge.  FRE 602.

25    The statement in paragraph 11 of the declaration, "[t]hose of use who need help from

26  home health care aides are concerned that we might be asked to move out because we do not fit

27  within the management's definition of 'independent living.'  Even residents who do not have

28  disabilities worry what will happen to them if, in the future, they become disabled and need help"

1    contains out-of-court statements offered to prove the truth of the matter asserted. As such, it is

2    inadmissible hearsay. FRE 802. It also lacks foundation and is not based on personal knowledge.

3    FRE 602.

4          **(2)    Supplemental Declaration of Nancy Northern**

5          The statement in paragraph 18 of the declaration, "[s]he complained to Mr. Hall that a

6    resident upstairs flooded her apartment, and several adjoining units too, but that the resident was

7    still a tenant," contains an out-of-court statement offered to prove the truth of the matter asserted.

8    As such, it is inadmissible hearsay. FRE 802. It also lacks foundation and is not based on

9    personal knowledge. FRE 602.

10         **(3)    Supplemental Declaration of Kathryn J. Winter**

11         The statement in paragraph 4 of the declaration, "I reject defendants' claim that FHNV

12    has done anything improper or unethical by entering Redwood property or contacting residents,"

13    contains improper conclusions and argument in violation of Local Rule 7-5(b).

14         The statement in paragraph 4 of the declaration, "this activity was part of FHNV's

15    educational mission and was conducted in full compliance with California Civil Code section

16    9142.6," contains improper conclusions and argument in violation of Local Rule 7-5(b).

17         The statement in paragraph 6 of the declaration, "[t]he effects of Redwood's continued

18    use of discriminatory language like 'active' and 'independent' cannot be mitigated easily by

19    FHNV. Redwood has so far given no indication that it will cease using the words 'active' and

20    'independent.' Rather it is my understanding that they continue to defend such language. It is my

21    concern that just as Redwood has misled their own residents about heir housing rights by using

22    these words, their actions will have a similar impact on the general public," contains improper

23    conclusions and argument in violation of Local Rule 7-5(b).

24         The statement in paragraph 7 of the declaration, "these ads misinform the public about the

25    requirements of the fair housing laws, and further, they will embolden and encourage other

26    housing providers to enact similarly discriminatory policies. But these ads have been observed by

27    such a large number of people that it will be difficult and costly to devise an educational

28    campaign to counteract the ads' effects," lacks foundation and contains improper conclusions and

1   argument in violation of Local Rule 7-5(b).

2          The statement in paragraph 8 of the declaration, "FHNV has encountered a number of

3   complications in trying to reach out to victims of Redwood's discriminatory housing practices.

4   Redwood residents have seen or heard similar statements in so many different places – from

5   Redwood's advertising materials, to their leases, and from the mouths of managers – that most of

6   the residents believe these terms to be a true measure of who can and how cannot be a resident

7   there," lacks foundation and is not based on personal knowledge.  FRE 602.  It also contains

8   improper conclusions and argument in violation of Local Rule 7-5(b).

9          The statement in paragraph 9 of the declaration, "[s]ome residents have expressed fear

10  that they will be asked or ordered to move out if they complain publicly, and report that other

11  residents are too scared to even call us.  Residents' fear makes it even more difficult to conduct

12  our investigation and to counteract the effects of the discrimination.  I feel that it is part of our

13  agency's mission to participate in litigation such as this, especially where current residents are too

14  frightened to speak for themselves," lacks foundation and is not based on personal knowledge.

15  FRE 602.  It also contains improper conclusions and argument in violation of Local Rule 7-5(b).

16         The statement in paragraph 10 of the declaration, "[d]iscriminatory statements and

17  advertising like Redwoods' cause significant frustration to FHNV's mission," contains improper

18  conclusions and argument in violation of Local Rule 7-5(b).

19         The statement in paragraph 11 of the declaration, [w]e have already incurred significant

20  costs, both financial costs and opportunity costs, in investigating and addressing discriminatory

21  practices at Redwood.  The number of complaints we received was extraordinary, and

22  overwhelmed the staff and resources of our small agency.  We have fallen behind on other work,

23  including preparing and providing educational workshops for the community and preparing

24  reports under the terms of our contracts.  If Redwood can continue discriminating, I believed that

25  we will have to divert even more resources to counteract and educate, and we will fall even father

26  behind on our agency's mission," lacks foundation and contains improper conclusions and

27  argument in violation of Local Rule 7-5(b).

28  / / /

(4)     **Declaration of Susan Coll**

The statement in paragraph 8 of the declaration, "[t]o us, Redwood was there home, and they should not be penalized for something that was out of their control," contains improper conclusions and argument in violation of Local Rule 7-5(b).

The statement in paragraph 10 of the declaration, "[w]e did not feel that it was fair to charge residents extra fees for meal trays, since their care givers picked up and returned the meals from the kitchen.  I have personally observed the kitchen staff getting ready for meal service and cleaning up after meal services on many occasions, and I do not believe that Redwood incurred any additional hardship or costs to permit these residents to have meals in their rooms," contains improper conclusions and argument in violation of Local Rule 7-5(b).

The statement in paragraph 11 of the declaration, "I do not believe these two residents or any others posed a danger to themselves or others, justifying these move out notices.  My heart clenched when I heard about these people being forced our for the sake of Redwood's policy," contains improper conclusions and argument in violation of Local Rule 7-5(b).

The statement in paragraph 12 of the declaration, "[a] number of [the residents] have told us that they are scared that they will be asked to move out.  Some residents have said that they stay in their rooms as much as possible because they do not want management to notice that they are disabled, since their condition might lead to eviction," contains out-of-court statements offered to prove the truth of the matter asserted.  As such, it is inadmissible hearsay.  It also lacks foundation and is not based on personal knowledge.  FRE 602.

DATED:  September 19, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP


By: /s/  Kurt A. Franklin
KURT A. FRANKLIN
SARAH D. MOTT
MOLLY A. LEE
Attorneys for Defendants

DEFTS' OBJECTIONS TO DECLARATIONS (CASE NO. C07-3652 MEJ)     1355217.1