HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
KURT A. FRANKLIN - 172715
kfranklin@hansonbridgett.com
SARAH D. MOTT - 148597
smott@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendants
HARVEST REDWOOD RETIREMENT RESIDENCE, L.L.C., doing business as Redwood Retirement Residence, RETIREMENT RESIDENCE, L.L.C.; and HOLIDAY RETIREMENT CORP.

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREATER NAPA FAIR HOUSING CENTER, a California Not for Profit Corporation, doing business as FAIR HOUSING NAPA VALLEY, as an individual entity only; RUBY DUNCAN, an incompetent adult, by and through her Guardian Ad Litem, MAE LOUISE WHITAKER; and EVA NORTHERN, an incompetent adult, by and through her Guardian Ad Litem, NANCY NORTHERN, each individually and on behalf of individuals similarly situated; NANCY NORTHERN, in her individual capacity only; and MAE LOUISE WHITAKER, in her individual capacity only,<br><br>                    Plaintiffs,<br><br>        v.<br><br>HARVEST REDWOOD RETIREMENT RESIDENCE, L.L.C., doing business as Redwood Retirement Residence; REDWOOD RETIREMENT RESIDENCE L.L.C.; and HOLIDAY RETIREMENT CORP.,<br><br>                    Defendants. | No. C07-3652 PJH<br><br>**REQUEST TO SUBMIT SUPPLEMENTAL DECLARATION IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; AND DECLARATION OF KENNETH BRADY**<br><br>Date:  September 26, 2007<br>Time:  9:00 a.m.<br>Dept:  Ctrm. 3, 17th Fl.<br>Judge: Hon. Phyllis J. Hamilton |

- 2 -

Defendants Harvest Redwood Retirement Residence, LLC, Redwood Retirement Residence, Redwood Retirement Residence LLC, and Holiday Retirement Corporation (hereinafter "Defendants") respectfully request the Court to allow Defendants to submit a supplementary declaration in opposition to Plaintiffs' Motion for Preliminary Injunction. This request is made on the grounds that Plaintiffs submitted additional evidence with their reply papers to which Defendants should be given a reasonable opportunity to respond, and that Plaintiffs' motion is otherwise premature with no initial disclosures or discovery to date.

This request is based on the memorandum of law that follows, and all the pleadings and papers on file in this action. The declaration of Redwood resident Kenneth Brady is attached to this request.

## MEMORANDUM OF LAW

### I. FACTS

The Complaint in this case was filed on July 16, 2007, and served on July 19, 2007. Plaintiffs' filed their Motion for Preliminary Injunction shortly thereafter, and Defendants filed their Opposition to Plaintiffs' Motion for Preliminary Injunction on September 5, 2007. On September 12, 2007, Plaintiffs filed a Reply to Defendants' Opposition. Plaintiffs submitted four new declarations along with their Reply brief. Defendants objected to Plaintiffs' supplemental declaration on September 19, 2007.

### II. ARGUMENT

As a general rule, reply papers should be limited to matters raised in the opposition papers. It is improper for the moving party to "shift gears" and introduce new facts or different legal arguments in the reply brief than presented in the moving papers. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95 (1990). And while Civil Local Rule 7.3 allows parties to submit declarations along with reply briefs, the opposing party should be given a reasonable opportunity to respond to new evidence. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998).

In response to the four new declarations submitted by Plaintiffs on reply, Defendants ask the Court to consider the attached declaration of Kenneth Brady in support of its Opposition, filed

1  herewith. These papers are limited in scope and would allow the Court to fully examine the
2  issues presented in Plaintiffs' Motion.
3      Accordingly, Defendants respectfully request that the Court grant its request to submit the
4  Declaration of Kenneth Brady.

5  DATED: September 20, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP

By: /s/
KURT A. FRANKLIN
SARAH D. MOTT
Attorneys for Defendants

- 3 -

MOTION TO SUBMIT SUPPLEMENTAL DECS AND OBJECTIONS (CASE NO. C07-3652 PJH)

1356805.1

1  HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
   KURT A. FRANKLIN - 172715
2  SARAH D. MOTT - 148597
   425 Market Street, 26th Floor
3  San Francisco, CA 94105
   Telephone:   (415) 777-3200
4  Facsimile:    (415) 541-9366
   kfranklin@hansonbridgett.com
5  smott@hansonbridgett.com

6  Attorneys for Defendants
   HARVEST REDWOOD RETIREMENT RESIDENCE,
7  L.L.C., doing business as Redwood Retirement Residence,
   RETIREMENT RESIDENCE, L.L.C.; and HOLIDAY
8  RETIREMENT CORP.

9                UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | GREATER NAPA FAIR HOUSING          No. C 07 3652 PJH
   | CENTER, a California Not for Profit
13 | Corporation, doing business as FAIR   DECLARATION OF KENNETH BRADY
   | HOUSING NAPA VALLEY, as an         IN SUPPORT OF DEFENDANT'S
14 | individual entity only; RUBY DUNCAN,  OPPOSITION TO MOTION FOR
   | an incompetent adult, by and through her  ISSUANCE OF PRELIMINARY
15 | Guardian Ad Litem, MAE LOUISE      INJUNCTION
   | WHITAKER; and EVA NORTHERN, an
16 | incompetent adult, by and through her  Date:  September 26, 2007
   | Guardian Ad Litem, NANCY           Time:  9:00 a.m.
17 | NORTHERN, each individually and on  Dept:  Ctrm. 3, 17th Fl.
   | behalf of individuals similarly situated;  Judge: Hon. Phyllis J. Hamilton
18 | NANCY NORTHERN, in her individual
   | capacity only; and MAE LOUISE
19 | WHITAKER, in her individual capacity
   | only,
20
21              Plaintiffs,

22       v.

23 HARVEST REDWOOD RETIREMENT
   RESIDENCE, L.L.C., doing business as
   Redwood Retirement Residence;
24 REDWOOD RETIREMENT RESIDENCE
   L.L.C.; and HOLIDAY RETIREMENT
25 CORP.,

26              Defendants.

27

28
                              - 1 -
   DECL KENNETH BRADY IN SUPPT OPPO TO MTN FOR PRELIM INJUNCTION
   (CASE NO. C 07 3652 PJH)                                    1354743.1

I, Kenneth Brady, hereby declare that I have personal knowledge of the facts set forth herein and, if called upon to testify, I could truthfully and competently testify to the following:

1. My wife (Ruby Brady) and I became residents at Redwood Retirement Residence ("Redwood" or "Residence) in May 2007. I am 90 years old, and sometimes use a cane or other assistive device to walk.

2. While I understand that I am a witness to events that occur at the Residence, presently neither my wife, nor I, are interested in becoming plaintiffs or otherwise becoming involved in any lawsuit or litigation -- through a purported representative or by any other means.

3. Dorman "Pete" Mitchell was our immediate neighbor at the Residence. Mr. Mitchell had a hearing problem and would listen to his television or radio late into the night at an unacceptable volume. It was so loud that it caused us to complain to the mangers about the noise. The managers worked with him so that he would use headphones, so as not to bother us and other neighbors.

4. In addition to the loud radio and television, at other times my wife and I could hear Mr. Mitchell call out for help. I specifically recall him falling inside his apartment on two or three occasions where an ambulance came and took him away. One morning, I found him completely nude on his apartment floor -- where he had fallen between two chairs. It was cold that night, and Mr. Mitchell was shivering when I found him. Because I have a bad back, I was not able to help him. I called a manager, who in turn called an ambulance. After one of his falls, his caregiver asked me not to report the fall to the managers at Redwood.

5. I am aware that Mr. Mitchell had an incontinence problem that he could not manage. One time, he knocked on our door and asked to use our bathroom. My wife answered the door and told him I was in the bathroom. Mr. Mitchell urinated on the floor.

6. I felt sorry for Mr. Mitchell, because he did not have family that helped him. However, his loud television playing or radio playing, in addition to his cries for help, was disruptive to our home.

7. Mr. Mitchell no longer lives next door to us. On information and belief, it is my understanding that Mr. Mitchell was hospitalized in August 2007, and that he has since moved to

- 1 -

1 | a facility that is able to provide him with the care and other attention that he needs.
2 |     I declare under penalty of perjury under the laws of the State of California that the
3 | foregoing is true and correct. Executed this 19 day of September, 2007 at NAPA, Ca,
4 | California.

                                  *Kenneth O. Brady*
                                    Kenneth Brady

- 2 -
DECL KENNETH BRADY IN SUPPT OPPO TO MTN FOR PRELIM
INJUNCTION (CASE NO. C 07 3652 PJH)

1354743.1

Sep. 19. 2007 4:43PM    707 258 6244    No. 0353    P. 3