United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREATER NAPA FAIR HOUSING, et al.,

    Plaintiffs,

    v.

HARVEST REDWOOD RETIREMENT RESIDENCE, L.L.C., et al.,

    Defendants.

No. C 07-3652 PJH

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff's motion for preliminary injunction came on for hearing before this court on September 26, 2007. Plaintiffs, Greater Napa Fair Housing Center and the individual plaintiffs ("plaintiffs"), appeared through their counsel, Stuart Seaborn and Liz Cristol-Deman. Defendants Harvest Redwood Retirement Residence LLC, Redwood Retirement Residence LLC, and Holiday Retirement Corp. (collectively "defendants") appeared through their counsel, Kurt A. Franklin. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion for preliminary injunction, for the reasons stated at the hearing, and summarized as follows:

    1.    With respect to standing, defendants' objections to plaintiff Greater Napa Fair Housing's ("Greater Napa") organizational standing is OVERRULED. The court finds that Greater Napa has sufficiently alleged that its mission of eliminating discriminatory housing practices throughout its service area was frustrated as a result of defendants' actions, and that Greater Napa has suffered economic losses, all of which is sufficient to establish organizational standing. See Complaint ¶ 70; see also Smith v. Pacific Properties and

Development Corp., 358 F.3d 1097, 1105 (9th Cir. 2004)(setting forth elements of organizational standing). With respect to the individual plaintiffs – Ruby Duncan, Eva Northern, and their daughters Mae Louise Whitaker and Nancy Northern – defendants' objections on standing grounds are OVERRULED in part and SUSTAINED in part. To the extent, for example, that these plaintiffs seek compensatory damages for past conduct, standing has been sufficiently alleged, by virtue of the allegations of harm contained in the complaint. See, e.g., Complaint ¶¶ 6, 8, 37-46, 47-60.[1] To the extent these plaintiffs seek prospective injunctive relief, however, they have no standing, as they have failed to allege continuous or threatened injury or harm – a conclusion with which counsel agreed at the hearing, when questioned. See also, e.g., Harris v. Itzhaki, 183 F.3d 1043 (9th Cir.1999)(any person harmed by discrimination under the FHA/FHAA, whether or not the target of such discrimination, has standing to sue)(allowing damages claims, but not prospective relief claims, to go forward where plaintiff moved out of residences that formed subject of her FHA/FHAA claims).

    2.    Defendants' argument that plaintiffs' claims have become moot, by virtue of defendants' voluntary cessation of conduct, is also OVERRULED. The burden of demonstrating mootness is a heavy one, and the Ninth Circuit has made clear that "an action for an injunction does not become moot merely because the conduct complained of was terminated, if there is a possibility of recurrence, since otherwise the defendant's [sic] would be free to return to [their] old ways." LGS Architects, Inc. v. Concordia Homes of Nevada, 434 F.3d 1150, 1153 (9th Cir. 2006). Here, defendants' assertion that they do not "intend" to issue eviction notices or to institute meal tray plans in the future, fails to demonstrate the kind of "absolute" certainty required to establish that the harm cannot recur again. See id. at 1154 (defendants' promise that they "ha[d] no intention to use [the

---

[1] The court notes that, in view of Ms. Duncan's recent death, standing on her behalf is only permissible to the extent that a proper substitution is filed allowing her daughter Mae Louise Whitaker to proceed as Ms. Duncan's successor in interest. Counsel indicated at the hearing that such a substitution would be filed as soon as possible, and the court's ruling that Ms. Duncan has sufficiently alleged standing is contingent upon the filing of such.

allegedly unlawful goods] in the future" rejected as insufficient to make "absolutely clear" that voluntary cessation had occurred).  As such, plaintiffs' claims are not moot, and the defendants' arguments on grounds of mootness are hereby rejected.

3. Notwithstanding the above findings, plaintiffs' motion for preliminary injunction is denied, for failure to demonstrate a strong likelihood of success on the merits of plaintiffs' claims.  See Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004)(plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)").

Preliminarily, plaintiffs have sufficiently alleged a prima facie case of disability discrimination, as required under the McDonnell Douglas burden-shifting test applied to claims brought under the Fair Housing Act and its amendments.  See, e.g., Gamble v. City of Escondido, 104 F.3d 300, 304 (9th Cir. 1996)(applying Title VII discrimination analysis to Fair Housing Act claims).  Defendants, however, have articulated a legitimate nondiscriminatory reason for the purported disparate treatment alleged by plaintiffs, by virtue of testimony indicating:  that defendants are an independent living facility that does not provide personal care services; that defendants' rental agreements provide that if at any time a resident becomes incapable of providing for health care or personal needs, or if a condition develops making the resident a danger to self or others, the resident then agrees to promptly move out; that defendants' resident managers did not believe that caregivers were adequately meeting the needs of certain residents; that any evictions occurred as a result of a belief that the resident was a danger to herself or others; and that the meal tray fee policy was instituted because of legitimate issues with meal tray abuse by caregivers, labor costs, and other concerns.  See generally Declarations of David Hall, Denise Hall, and Tom Ahrens ISO Defendants' Opposition to Motion for Preliminary Injunction.

In view of defendants' articulated nondiscriminatory reasons for the challenged

3

conduct, it is plaintiffs' burden to come forward with persuasive evidence of pretext. Plaintiffs seek to do so here by proving, as a matter of law, that defendants are not permitted to make residency decisions based on independent living criteria, or to inquire as to whether residents satisfy such criteria. Plaintiffs have failed to persuade the court, however, that such a conclusion is appropriate as a matter of law, and in the absence of discovery, have also failed to persuade the court that defendants' articulated nondiscriminatory reason for its challenged conduct is otherwise pretextual.

In sum, and for all these reasons, plaintiffs have failed to demonstrate a likelihood of success on the merits of its disability discrimination claims at this juncture. Accordingly, the motion for preliminary injunctive relief is DENIED.

Additionally, defendants' request for judicial notice is GRANTED. Defendants' corresponding objections to plaintiffs' declarations, however, are OVERRULED.

**IT IS SO ORDERED.**

Dated: October 1, 2007

PHYLLIS J. HAMILTON
United States District Judge