1   HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
    KURT A. FRANKLIN - 172715
2   SARAH D. MOTT - 148597
    MOLLY A. LEE - 232477
3   kfranklin@hansonbridgett.com
    smott@hansonbridgett.com
4   mlee@hansonbridgett.com
    425 Market Street, 26th Floor
5   San Francisco, CA  94105
    Telephone:    (415) 777-3200
6   Facsimile:    (415) 541-9366

7   Attorneys for Defendants
    HARVEST REDWOOD RETIREMENT RESIDENCE,
8   L.L.C., doing business as Redwood Retirement Residence,
    RETIREMENT RESIDENCE, L.L.C.; and HOLIDAY
9   RETIREMENT CORP.

10

11                 UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14   GREATER NAPA FAIR HOUSING              No. C 07 3652 PJH
     CENTER, a California Not for Profit
15   Corporation, doing business as FAIR    **ANSWER TO FIRST AMENDED**
     HOUSING NAPA VALLEY, as an             **COMPLAINT**_____
16   individual entity only; EVA NORTHERN,
     an incompetent adults, by and through her
17   Guardian ad Litem, NANCY
     NORTHERN; MARIE BROMAN; and AL
18   FOURNIER, each individually and on
     behalf of individuals similarly situated;
19   NANCY NORTHERN, in her individual
     capacity only; and LOUISE WHITAKER,
20   in her individual capacity and as Successor
     in Interest to Ruby Duncan,
21
                  Plaintiffs,
22
          v.
23
     HARVEST REDWOOD RETIREMENT
24   RESIDENCE, L.L.C., doing business as
     Redwood Retirement Residence;
25   REDWOOD RETIREMENT RESIDENCE
     L.L.C.; and HOLIDAY RETIREMENT
26   CORP.,

27                Defendants.

28

                              - 1 -

1    Defendants Harvest Redwood Retirement Residence, LLC, Redwood Retirement

2    Residence, Redwood Retirement Residence LLC, and Holiday Retirement Corporation

3    (hereinafter "Defendants") hereby answer the Complaint of Greater Napa Fair Housing Center, et

4    al. (hereinafter "Plaintiffs") and state as follows:

5                                    **I.    INTRODUCTION**

6         1.    Defendants neither admit nor deny the allegations contained in Paragraph 1 of the

7    Complaint for the reason that such allegations are legal conclusions to which no answer is

8    required.  To the extent that an answer is required, Defendants admit that Redwood Retirement

9    Residence is located at 2350 Redwood Road in Napa, California. Except as expressly admitted,

10   Defendants deny each and every allegation contained in Paragraph 1 of Plaintiffs' Complaint.

11           **II.    JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

12        2.    Defendants neither admit nor deny the allegations contained in Paragraph 2 of the

13   Complaint for the reason that such allegations are legal conclusions to which no answer is

14   required.  To the extent that an answer is required, Defendants admit that this Court has federal

15   question jurisdiction over Plaintiffs' "federal Fair Housing Act" claim.  Except as expressly

16   admitted, Defendants deny each and every allegation contained in Paragraph 2 of Plaintiffs'

17   Complaint.

18        3.    Defendants admit that venue in this District is appropriate.  Except as expressly

19   admitted, Defendants deny each and every allegation contained in Paragraph 3 of Plaintiffs'

20   Complaint.

21                                      **III.    PARTIES**

22        4.    Defendants are without knowledge or information sufficient to form a belief as to

23   the truth of the material allegations in Paragraph 4 of Plaintiffs' Amended Complaint and, on that

24   basis, deny those allegations.

25        5.    Defendants are without knowledge or information sufficient to form a belief as to

26   the truth of the material allegations in Paragraph 5 of Plaintiffs' Amended Complaint and, on that

27   basis, deny those allegations.

28        6.    Defendants admit that the Court issued an order dated October 10, 2007,

ANSWER TO FIRST AMENDED COMPLAINT                                              1382093.1

1    permitting Mae Louise Whitaker to be substituted as plaintiff in this action in place of her mother,

2    Ruby Duncan and that Ms. Whitaker purports to bring this action as the successor in interest of

3    Ms. Duncan. Defendant admits that Ms. Duncan occupied Unit 110 from July 15, 1991 to

4    September 26, 2002. Defendant also admits that Ms. Duncan entered into an agreement to rent

5    Unit 209 on June 5, 2003, and occupied that unit until her death on or about July 11, 2007.

6    Defendants further admit that Ms. Duncan was 100 years old on or about January 19, 2007.

7    Defendants affirmatively allege that Ms. Duncan was not at any time served with an eviction

8    notice nor did she receive any correspondence from Defendants that declared an intent to evict

9    her. Except as so expressly admitted and alleged, Defendants are without knowledge or

10    information sufficient to form a belief as to the truth of the material allegations in Paragraph 6 of

11    Plaintiffs' Amended Complaint and, on that basis, deny those allegations.

12          7.    Defendants admit that Eva Northern entered into an agreement to rent Unit 112 at

13    Redwood Retirement Residence on January 20, 2001, and occupied that unit on or about April 13,

14    2007. Defendants affirmatively allege that Plaintiff Northern was not at any time served with an

15    eviction notice nor did she receive any correspondence from Defendants that declared an intent to

16    evict her. Except as expressly admitted and alleged, Defendants are without knowledge or

17    information sufficient to form a belief as to the truth of the material allegations in Paragraph 7 of

18    Plaintiffs' Amended Complaint and, on that basis, deny those allegations.

19          8.    Defendants are without knowledge or information sufficient to form a belief as to

20    the truth of the material allegations in Paragraph 8 of Plaintiffs' Amended Complaint and, on that

21    basis, deny those allegations.

22          9.    Defendants admit that Marie Broman is a resident of Redwood Retirement

23    Residence. Defendants also admit that Plaintiff Broman entered into an agreement to rent Unit

24    212 on September 16, 2001, and continues to reside in that unit. Defendants affirmatively allege

25    that Plaintiff Broman was not at any time served with an eviction notice nor has she received any

26    correspondence from Defendants that declares an intent to evict her. Except as expressly

27    admitted and alleged, Defendants are without knowledge or information sufficient to form a

28    belief as to the truth of the material allegations in Paragraph 9 of Plaintiffs' Amended Complaint

- 3 -

1    and, on that basis, deny those allegations.

2        10.    Defendants admit that Al Fournier is a resident of Redwood Retirement Residence.

3    Defendants also admit that Plaintiff Fournier entered into an agreement to rent Unit 127 on May

4    5, 2003, and continues to reside in that unit.  Defendants affirmatively allege that Plaintiff

5    Fournier was not at any time served with an eviction notice nor has he received any

6    correspondence from Defendants that declares an intent to evict him  Except as expressly

7    admitted and alleged, Defendants are without knowledge or information sufficient to form a

8    belief as to the truth of the material allegations in Paragraph 10 of Plaintiffs' Amended Complaint

9    and, on that basis, deny those allegations.

10        11.    Defendants admit that Redwood Retirement Residence has 97 units and is located

11    at 2350 Redwood Road in Napa, California. Defendants further admit that Redwood Retirement

12    Residence offers housing that fits within the definitions contained in 42 U.S.C. section 3607(b),

13    42 U.S.C. section 3602(b) and California Government Code section 12927(d).  Except as

14    expressly admitted and alleged, Defendants deny each and every remaining material allegation in

15    Paragraph 11 of Plaintiffs' Amended Complaint.

16        12.    Defendants admit the material allegations contained in Paragraph 12 of Plaintiffs'

17    Amended Complaint.

18        13.    Defendants admit the material allegations contained in Paragraph 13 of Plaintiffs'

19    Amended Complaint.

20        14.    Defendants admit that Holiday Retirement Corp., which recently changed its legal

21    name to "HRC Investors Corp.," is a corporation that has been registered to do business in the

22    State of California with a primary business address in Salem, Oregon. Except as expressly

23    admitted, Defendants deny each and every remaining material allegation in Paragraph 14 of

24    Plaintiffs' Amended Complaint.

25        15.    Defendants neither admit nor deny the allegations contained in Paragraph 15 of

26    Plaintiffs' Amended Complaint for the reason that such allegations are legal conclusions to which

27    no answer is required.  To the extent that an answer is required, Defendants deny each and every

28    remaining material allegation in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendants neither admit nor deny the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every material allegation in Paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendants deny each and every material allegation in Paragraph 17 of Plaintiffs' Amended Complaint.

## IV. CLASS ACTION ALLEGATIONS

### A. DISABILITY CLASS

18. Defendants neither admit nor deny the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every material allegation in Paragraph 18 of Plaintiffs' Amended Complaint.

19. Defendants deny each and every material allegation in Paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendants deny each and every material allegation in Paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendants deny each and every material allegation in Paragraph 21 of Plaintiffs' Amended Complaint. Defendants affirmatively allege that they reasonably accommodate persons with disabilities.

22. Defendants deny each and every material allegation in Paragraph 22 of Plaintiffs' Amended Complaint.

23. Defendants deny each and every material allegation in Paragraph 23 of Plaintiffs' Amended Complaint.

24. Defendants deny each and every material allegation in Paragraph 24 of Plaintiffs' Amended Complaint.

### B. SECURITY DEPOSIT CLASS

25. Defendants deny each and every material allegation in Paragraph 25 of Plaintiffs' Amended Complaint.

- 5 -

26.    Defendants deny each and every material allegation in Paragraph 26 of Plaintiffs' Amended Complaint.

27.    Defendants deny each and every material allegation in Paragraph 27 of Plaintiffs' Amended Complaint.

28.    Defendants deny each and every material allegation in Paragraph 28 of Plaintiffs' Amended Complaint.

29.    Defendants deny each and every material allegation in Paragraph 29 of Plaintiffs' Amended Complaint.

30.    Defendants deny each and every material allegation in Paragraph 30 of Plaintiffs' Amended Complaint.

31.    Defendants deny each and every material allegation in Paragraph 31 of Plaintiffs' Complaint.

## V.    FACTS UNDERLYING THE CLAIMS OF THE CLASSES AND SUBCLASS
### A.    INTRODUCTION

32.    Defendants deny each and every material allegation in Paragraph 32 of Plaintiffs' Amended Complaint.

33.    Defendants deny each and every material allegation in Paragraph 33 of Plaintiffs' Amended Complaint.

34.    Defendants deny each and every material allegation in Paragraph 34 of Plaintiffs' Amended Complaint.

35.    Defendants deny each and every material allegation in Paragraph 35 of Plaintiffs' Complaint.

36.    Defendants deny each and every material allegation in Paragraph 36 of Plaintiffs' Complaint.

37.    Defendants deny each and every material allegation in Paragraph 37 of Plaintiffs' Complaint.

38.    Defendants deny each and every material allegation in Paragraph 38 of Plaintiffs' Complaint.

ANSWER TO FIRST AMENDED COMPLAINT

1382093.1

**B.    FACTS UNDERLYING THE CLAIMS OF MAE LOUISE WHITAKER,
        INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO DECEASED
        PLAINTIFF RUBY DUNCAN**

39.    Defendants admit and affirmatively allege that Ruby Duncan occupied a unit at
Redwood Retirement Residence between approximately May 1991 and September 2002. Except
as so admitted and alleged, Defendants deny each and every remaining material allegation in
Paragraph 39 of Plaintiffs' Amended Complaint.

40.    Defendants admit that on June 5, 2003, Ruby Duncan entered into an agreement to
occupy Unit 209, which is a studio unit with one bathroom. Defendants also admit that the
original monthly rate was $1,695. Defendants further admit that the monthly rate was raised to
$1,955.00 on July 1, 2007. Defendants further admit and affirmatively allege that the rate
included three meals a day, weekly housekeeping, linen changing, scheduled social activity and
fitness programs and scheduled transportation services. Defendants affirmatively allege that the
unit contains no cooking facilities and that no cooking utensils or equipment are provided to
residents by Defendants. Defendants also admit that Plaintiff Duncan passed away on or about
July 11, 2007. Except as so admitted and affirmatively alleged, Defendants deny each and every
remaining material allegation in Paragraph 40 of Plaintiffs' Amended Complaint.

41.    Defendants admit that on June 5, 2003, Plaintiff Duncan signed an addendum in
which she agreed to pay a one-time fee, which at that time was called a "signing fee," of $847.50.
Defendants further admit and allege that the addendum states that the fee was fully refunded only
if she moved out within thirty (30) days of occupancy, and that she would receive no refund if she
moved out after ninety (90) days. Defendants affirmatively allege there is no record that Plaintiff
Duncan ever paid that fee. Except as so admitted and alleged, Defendants deny each and every
remaining material allegation in Paragraph 41 of Plaintiffs' Amended Complaint.

42.    Defendants admit they are aware Plaintiff Duncan had a private duty caregiver or
companion. Except as so admitted, Defendants are without knowledge or information sufficient to
form a belief as to the truth of the material allegations in Paragraph 42 of Plaintiffs' Amended
Complaint and, on that basis, deny those allegations.

43.    Defendants admit that Redwood Retirement Residence has a policy related to meal

ANSWER TO FIRST AMENDED COMPLAINT

1382093.1

1   trays.  Except as so admitted, Defendants deny each and every remaining material allegation in

2   Paragraph 43 of Plaintiffs' Amended Complaint.

3       44.    Defendants deny each and every material allegation in Paragraph 44 of Plaintiffs'

4   Amended Complaint.

5       45.    Defendants admit that at some point in December 2006 or January 2007, Plaintiff

6   Whitaker spoke with a Redwood Retirement Residence manager about meal trays.  Except as so

7   admitted, Defendants deny each and every material allegation in Paragraph 45 of Plaintiffs'

8   Amended Complaint.

9       46.    Defendants admit that Redwood Retirement Residence received a letter from Dr.

10  Paul Sweigert dated January 30, 2007, relating to Plaintiff Duncan. Except as so admitted,

11  Defendants deny each and every remaining material allegation in Paragraph 46 of Plaintiffs'

12  Amended Complaint.

13      47.    Defendants deny each and every material allegation in Paragraph 47 of Plaintiffs'

14  Amended Complaint.

15      48.    Defendants are without knowledge or information sufficient to form a belief as to

16  the truth of the material allegations in Paragraph 48 of Plaintiffs' Complaint and, on that basis,

17  deny those allegations.

18  **C.    FACTS UNDERLYING THE CLAIMS OF EVA NORTHERN AND NANCY
           NORTHERN.**

19

20      49.    Defendants are without knowledge or information sufficient to form a belief as to

21  the truth of the material allegations in Paragraph 49 of Plaintiffs' Complaint and, on that basis,

22  deny those allegations.

23      50.    Defendants admit that on January 20, 2001, Plaintiff Eva Northern entered into an

24  agreement to occupy Unit 112 at Redwood Retirement Residence.  Defendants further admit that

25  Unit 112 has a small refrigerator and sink.  Defendants admit that as of February 1, 2007, the base

26  rate for that unit was $2,735.00 per month.  Defendants affirmatively allege that beginning in

27  January 2007, Plaintiff Eva Northern received a $300.00 per month discount for meals not taken.

28  Defendants further admit and affirmatively allege that the rate included three meals a day, weekly

- 8 -

1  housekeeping, linen changing, scheduled social activity and fitness programs and scheduled

2  transportation services. Defendants affirmatively allege that the unit contains no cooking

3  facilities and that no cooking utensils or equipment are provided to residents by Defendants.

4  Defendants also admit that on March 14, 2007, Plaintiff Nancy Northern provided notice to

5  Redwood Retirement Residence that her mother was moving out, and further admits that Plaintiff

6  Eva Northern moved out of the unit on March 15, 2007. Except as so admitted and affirmatively

7  alleged, Defendants deny each and every remaining material allegation in Paragraph 50 of

8  Plaintiffs' Complaint.

9      51.    Defendants admit they are aware that Plaintiff Eva Northern had a private duty

10  caregiver or companion. Except as so admitted, Defendants are without knowledge or

11  information sufficient to form a belief as to the truth of the material allegations in Paragraph 51 of

12  Plaintiffs' Amended Complaint and, on that basis, deny those allegations.

13      52.    Defendants admit that Redwood Retirement Residence has a policy related to meal

14  trays. Defendants also admit that Plaintiff is in possession of a document containing the quoted

15  language, as alleged in Paragraph 52 of Plaintiffs' Amended Complaint. Except as so admitted,

16  Defendants are without knowledge or information sufficient to form a belief as to the truth of the

17  material allegations in Paragraph 52 of Plaintiffs' Amended Complaint and, on that basis, deny

18  each and every remaining material allegation.

19      53.    Defendants admit that Plaintiff is in possession of a document containing the

20  quoted language, as alleged in Paragraph 53 of Plaintiffs' Amended Complaint.

21      54.    Defendants admit and affirmatively allege that they reasonably accommodate

22  residents of Redwood Retirement Residence and that Redwood Retirement Residence allowed

23  Plaintiff Eva Northern to eat in her room for some period of time as such an accommodation.

24  Except as so admitted, Defendants deny each and every remaining material allegation in

25  Paragraph 54 of Plaintiffs' Amended Complaint.

26      55.    Defendants are without knowledge or information sufficient to form a belief as to

27  the truth of the material allegations in Paragraph 55 of Plaintiffs' Amended Complaint and, on

28  that basis, deny each and every material allegation.

- 9 -

1    56.    Defendants admit and affirmatively allege that they reasonably accommodate

2    residents of Redwood Retirement Residence who have disabilities and that Redwood Retirement

3    Residence allowed Plaintiff Eva Northern to receive meals in her room for some period of time as

4    such an accommodation. Defendants affirmatively allege that there is no record that Plaintiff Eva

5    Northern was ever required to pay for a meal tray. Except as so admitted, Defendants deny each

6    and every remaining material allegation in Paragraph 56 of Plaintiffs' Amended Complaint.

7    57.    Defendants admit that Tom Ahrens is a regional director and that Redwood

8    Retirement Residence is one of the facilities in his region. Defendants also admit that Redwood

9    Retirement Residence had a meal tray policy. Defendants affirmatively allege that they

10   reasonably accommodate residents of Redwood Retirement Residence who have disabilities.

11   Except as so admitted and alleged, Defendants deny each and every remaining material allegation

12   in Paragraph 57 of Plaintiffs' Amended Complaint.

13   58.    Defendants admit Redwood Retirement Residence had a meal tray policy.

14   Defendants also admit Plaintiff Nancy Northern requested reimbursement for meals not taken by

15   Plaintiff Eva Northern. Defendants affirmatively allege that Plaintiff Eva Northern received a

16   monthly rent reduction for meals not taken in the dining room beginning on January 8, 2007.

17   Defendants affirmatively allege that this discount was provided despite the fact that service costs,

18   including meals, are fixed. Defendants also affirmatively allege that they reasonably

19   accommodate residents of Redwood Retirement Residence who have disabilities. Except as so

20   admitted and alleged, Defendants deny each and every remaining material allegation in Paragraph

21   58 of Plaintiffs' Amended Complaint.

22   59.    Defendants are without knowledge or information sufficient to form a belief as to

23   the truth of the material allegations in Paragraph 59 of Plaintiffs' Amended Complaint and, on

24   that basis, deny each and every material allegation.

25   60.    Defendants deny that Mr. Ahrens made "comments indicating that people with

26   disabilities are not welcome at the Redwood Retirement Residence." As to the remaining

27   allegations, Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the material allegations in Paragraph 60 of Plaintiffs' Amended Complaint and, on that

- 10 -

1382093.1

1    basis, deny each and every remaining material allegation.

2        61.    Defendants admit that on March 14, 2007, Plaintiff Nancy Northern informed

3    Redwood Retirement Residence that Plaintiff Eva Northern would move out of Unit 112 on

4    March 15, 2007.  Defendants also admit that Plaintiff Nancy Northern informed Redwood

5    Retirement Residence that Plaintiff Eva Northern was moving to Aegis.  Defendants admit that

6    assisted living, such as that provided by Aegis, generally is substantially more expensive than

7    Redwood Retirement Residence.  Except as so admitted, Defendants are without knowledge or

8    information sufficient to form a belief as to the truth of the remaining material allegations in

9    Paragraph 61 of Plaintiffs' Amended Complaint and, on that basis, deny each and every material

10   allegation.

11       62.    Defendants are without knowledge or information sufficient to form a belief as to

12   the truth of the material allegations in Paragraph 62 of Plaintiffs' Amended Complaint and, on

13   that basis, deny each and every material allegation.

14   **D.    THE FACTS UNDERLYING THE CLAIM OF MARIE BROMAN**

15       63.    Defendants admit that on September 16, 2001, Plaintiff Broman entered into an

16   agreement to occupy Unit 212 at Redwood Retirement Residence.  Defendants further admit that

17   Plaintiff Broman continues to reside in Unit 212.  Defendants admit that as of July 1, 2007, the

18   rate for that unit is $2,280.00 per month.  Defendants further admit and affirmatively allege that

19   the rate includes three meals a day, weekly housekeeping, linen changing, scheduled social

20   activity and fitness programs and scheduled transportation services.  Defendants affirmatively

21   allege that the unit contains no cooking facilities and that no cooking utensils or equipment are

22   provided to residents by Defendants.  Except as so admitted and affirmatively alleged, Defendants

23   deny each and every remaining material allegation in Paragraph 63 of Plaintiffs' Amended

24   Complaint.

25       64.    Defendants admit that on September 16, 2001, Plaintiff Broman signed an

26   addendum in which she agreed to pay a one-time fee, which at that time was called a "signing

27   fee," of $975.00.  Defendants further admit and allege that the addendum states that the fee was

28   fully refunded only if she moved out within thirty (30) days of occupancy, and that she would

ANSWER TO FIRST AMENDED COMPLAINT                                        1382093.1

1   receive no refund if she moved out after ninety (90) days. Except as so admitted and alleged,

2   Defendants deny each and every remaining material allegation in Paragraph 41 of Plaintiffs'

3   Amended Complaint.

4        65.    Defendants are without knowledge or information sufficient to form a belief as to

5   the truth of the material allegations in Paragraph 65 of Plaintiffs' Amended Complaint and, on

6   that basis, deny each and every material allegation.

7        66.    Defendants admit that they had a meal tray policy. Except as so expressly

8   admitted, Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the material allegations in Paragraph 66 of Plaintiffs' Amended Complaint and, on that

10  basis, deny each and every material allegation.

11       67.    Defendants admit that they had a meal tray policy. Except as so expressly

12  admitted, Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the material allegations in Paragraph 67 of Plaintiffs' Amended Complaint and, on that

14  basis, deny each and every material allegation.

15  **E.    THE FACTS UNDERLYING THE CLAIM OF AL FOURNIER**

16       68.    Defendants admit that on May 5, 2003, Plaintiff Fournier entered into an

17  agreement to occupy Unit 127 at Redwood Retirement Residence, and that his move-in date was

18  on or about May 8, 2003. Defendants further admit that Plaintiff. Fournier continues to reside in

19  Unit 212. Defendants admit that as of July 1, 2007, the rate for that unit was $2,865.00 per

20  month. Defendants further admit and affirmatively allege that the rate included three meals a day,

21  weekly housekeeping, linen changing, scheduled social activity and fitness programs and

22  scheduled transportation services. Defendants affirmatively allege that the unit contains no

23  cooking facilities and that no cooking utensils or equipment are provided to residents by

24  Defendants. Except as so admitted and affirmatively alleged, Defendants are without knowledge

25  or information sufficient to form a belief as to the truth of the material allegations in Paragraph 68

26  of Plaintiffs' Amended Complaint and, on that basis, deny each and every material allegation.

27       69.    Defendants admit that on May 5, 2003, Plaintiff Fournier signed an addendum in

28  which he agreed to pay a one-time fee, which at that time was called a "signing fee," of

- 12 -

1382093.1

1   $1,247.50. Defendants further admit and allege that the addendum states that the fee was fully

2   refunded only if he moved out within thirty (30) days of occupancy, and that he would receive no

3   refund if he moved out after ninety (90) days. Except as so admitted and alleged, Defendants

4   deny each and every remaining material allegation in Paragraph 69 of Plaintiffs' Amended

5   Complaint.

6          70.    Defendants are without knowledge or information sufficient to form a belief as to

7   the truth of the material allegations in Paragraph 70 of Plaintiffs' Amended Complaint and, on

8   that basis, deny each and every material allegation.

9          71.    Defendants admit that they had a meal tray policy. Except as so expressly

10  admitted, Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the material allegations in Paragraph 71 of Plaintiffs' Amended Complaint, and, on that

12  basis, deny each and every material allegation.

13         72.    Defendants admit that some residents received move-out notices in 2006 and 2007.

14  Except as so expressly admitted, Defendants are without knowledge or information sufficient to

15  form a belief as to the truth of the material allegations in Paragraph 72 of Plaintiffs' Amended

16  Complaint, and, on that basis, deny each and every material allegation.

17  **F.     THE INVOLVEMENT OF FAIR HOUSING NAPA VALLEY**

18         73.    Defendants are without knowledge or information sufficient to form a belief as to

19  the truth of the material allegations in Paragraph 73 of Plaintiffs' Amended Complaint and, on

20  that basis, deny those allegations.

21         74.    Defendants admit that some residents received move-out notices in 2006 and 2007.

22  Defendants are without knowledge or information sufficient to form a belief as to the truth of the

23  material allegations in Paragraph 74 of Plaintiffs' Amended Complaint and, on that basis, deny

24  those allegations.

25         75.    Defendants are without knowledge or information sufficient to form a belief as to

26  the truth of the material allegations in Paragraph 75 of Plaintiffs' Amended Complaint and, on

27  that basis, deny those allegations.

28         76.    Defendants are without knowledge or information sufficient to form a belief as to

ANSWER TO FIRST AMENDED COMPLAINT                                                    1382093.1

the truth of the material allegations in Paragraph 76 of Plaintiffs' Amended Complaint and, on that basis, deny each and every material allegation.

77.    Defendants admit that some residents received notices from Fair Housing Napa Valley in June and July of 2007.  Except as so admitted, Defendants deny each and every remaining material allegation in Paragraph 77 of Plaintiffs' Amended Complaint.

**G.    INJURIES**

78.    Defendants deny each and every material allegation in Paragraph 78 of Plaintiffs' Amended Complaint.

79.    Defendants deny each and every material allegation in Paragraph 79 of Plaintiffs' Amended Complaint.

80.    Defendants deny each and every material allegation in Paragraph 80 of Plaintiffs' Amended Complaint.

81.    Defendants deny each and every material allegation in Paragraph 81 of Plaintiffs' Amended Complaint.

82.    Defendants deny each and every material allegation in Paragraph 82 of Plaintiffs' Amended Complaint.

83.    Defendants deny each and every material allegation in Paragraph 83 of Plaintiffs' Amended Complaint.

84.    Defendants deny each and every material allegation in Paragraph 84 of Plaintiffs' Amended Complaint.

85.    Defendants deny each and every material allegation in Paragraph 85 of Plaintiffs' Amended Complaint.

## VI.    CLAIMS

**A.    FIRST CLAIM [FAIR HOUSING ACT]**

**Disability Class Plaintiffs, FHNV and Individual Plaintiffs v. Defendants**

86.    Defendants incorporate by reference their response to the allegations in Paragraphs 1 through 85 of Plaintiffs' Amended Complaint, inclusive, as if fully set forth herein.

87.    Defendants deny each and every material allegation in Paragraph 87 of Plaintiffs'

- 14 -

1382093.1

1   Amended Complaint.

2   **B.    SECOND CLAIM [CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT]**

3   **Disability Class Plaintiffs, FHNV and Individual Plaintiffs v. Defendants**

4   88.    Defendants incorporate by reference their response to the allegations in Paragraphs

5   1 through 87 of Plaintiffs' Amended Complaint, inclusive, as if fully set forth herein.

6   89.    Defendants deny each and every material allegation in Paragraph 89 of Plaintiffs'

7   Amended Complaint.

8   **C.    THIRD CLAIM [CALIFORNIA UNRUH CIVIL RIGHTS ACT]**

9   **Disability Class Plaintiffs and Individual Plaintiffs v. Defendants**

10   90.    Defendants incorporate by reference their response to the allegations in Paragraphs

11   1 through 89 of Plaintiffs' Amended Complaint, inclusive, as if fully set forth herein.

12   91.    Defendants deny each and every material allegation in Paragraph 91 of Plaintiffs'

13   Amended Complaint.

14   92.    Defendants deny each and every material allegation in Paragraph 92 of Plaintiffs'

15   Amended Complaint.

16   **D.    FOURTH CLAIM [DISABLED PERSONS ACT]**

17   **Disability Class Plaintiffs Only v. Defendants**

18   93.    Defendants incorporate by reference their response to the allegations in Paragraphs

19   1 through 92 of Plaintiffs' Amended Complaint, inclusive, as if fully set forth herein.

20   94.    Defendants deny each and every material allegation in Paragraph 94 of Plaintiffs'

21   Amended Complaint.

22   83. (SIC)    Defendants deny each and every material allegation in Paragraph 83 (sic)

23   of Plaintiffs' Amended Complaint.

24   **E.    FIFTH CLAIM [UNFAIR BUSINESS PRACTICES RE DISCRIMINATION]**

25   **Disability Class Plaintiffs, FHNV and Individual Plaintiffs v. Defendants**

26   95.    Defendants incorporate by reference their response to the allegations in Paragraphs

27   1 through 94 of Plaintiffs' Amended Complaint, inclusive, as if fully set forth herein.

28   96.    Defendants deny each and every material allegation in Paragraph 95 of Plaintiffs'

- 15 -

1    Amended Complaint.

2        97.    Defendants deny each and every material allegation in Paragraph 97 of Plaintiffs'

3    Amended Complaint.

4        98.    Defendants deny each and every material allegation in Paragraph 98 of Plaintiffs'

5    Amended Complaint.

6    **F.    SIXTH CLAIM [UNFAIR BUSINESS PRACTICES]**

7        **Security Deposit Class Plaintiffs only v. Defendants**

8        99.    Defendants incorporate by reference their response to the allegations in Paragraphs

9    1 through 98 of Plaintiffs' Amended Complaint, inclusive, as if fully set forth herein.

10        100.    Defendants deny each and every material allegation in Paragraph 100 of Plaintiffs'

11    Amended Complaint.

12        101.    Defendants deny each and every material allegation in Paragraph 101 of Plaintiffs'

13    Amended Complaint.

14        102.    Defendants deny each and every material allegation in Paragraph 102 of Plaintiffs'

15    Amended Complaint.

16    **G.    SEVENTH CLAIM [UNLAWFUL SECURITY DEPOSIT]**

17        **Security Deposit Class Plaintiffs only vs. Defendants**

18        103.    Defendants incorporate by reference their response to the allegations in Paragraphs

19    1 through 102 of Plaintiffs' Amended Complaint, inclusive, as if fully set forth herein.

20        104.    Defendants deny each and every material allegation in Paragraph 104 of Plaintiffs'

21    Amended Complaint.

22        105.    Defendants deny each and every material allegation in Paragraph 105 of Plaintiffs'

23    Amended Complaint.

24        **VII.    AFFIRMATIVE DEFENSES**

25        Defendants hereby assert the following affirmative defenses to Plaintiffs' Amended

26    Complaint.

27

28

ANSWER TO FIRST AMENDED COMPLAINT                                          1382093.1

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Claim)

As a first and separate affirmative defense, Defendants allege that Plaintiffs' Amended Complaint fails to state facts sufficient to constitute any cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(No Entitlement To Class Certification)

As a second and separate affirmative defense, Defendants allege that Plaintiffs' action is not entitled to class certification pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure and that the requirements for maintenance as a class action cannot be met.

**THIRD AFFIRMATIVE DEFENSE**

(Plaintiffs Not Proper Representatives)

As a third and separate affirmative defense, Defendants allege that Plaintiffs are not proper representatives of any purported class.

**FOURTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

As a fourth and separate affirmative defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to challenge programs, services, assignments or actions for which they failed to apply, for which they were not denied or to which they were not subject.

**FIFTH AFFIRMATIVE DEFENSE**

(Moot)

As a fifth and separate affirmative defense, Defendants allege that some or all of Plaintiffs' claims are moot.

**SIXTH AFFIRMATIVE DEFENSE**

(Reasonable Accommodations Made)

As a sixth and separate affirmative defense, Defendants allege that they reasonably accommodate persons with handicaps and disabilities.

**SEVENTH AFFIRMATIVE DEFENSE**

(Printed Materials Not Discriminatory)

As a seventh and separate affirmative defense, Defendants allege that Defendants' printed materials, notices or statements with regard to the use of its dwellings do not communicate any discriminatory motive or purpose to any ordinary reader or listener.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

As an eighth and separate affirmative defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, to the extent they have failed to exhaust applicable administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

(Accommodation Sought Alters Nature of Business)

As a ninth and separate affirmative defense, Defendants allege that the modifications to Defendants' programs, services, policies, assignments, activities and procedures requested by Plaintiffs would fundamentally alter the nature of their business.

**TENTH AFFIRMATIVE DEFENSE**

(Accommodation Sought Would Cause Undue Hardship)

As a tenth and separate affirmative defense, Defendants alleges that the modifications to programs, services, policies, assignments, activities and procedures requested by Plaintiffs would cause an undue financial or administrative hardship on Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Denial of Meaningful Participation)

As an eleventh and separate affirmative defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not denied meaningful participation in nor denied the benefits of Defendants' programs, services, assignments or activities.

**TWELFTH AFFIRMATIVE DEFENSE**

(Non-Discrimination)

As a twelfth and separate affirmative defense, Defendants alleges that Plaintiffs' claims

- 18 -

are barred, in whole or in part, because Defendants' actions about which Plaintiffs complain were justified by legitimate, nondiscriminatory reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Standing Under FHA)

As a thirteenth and separate affirmative defense, Defendants allege that Plaintiffs lack standing because they are unable to demonstrate a "pattern and practice" of discrimination under the Federal Fair Housing Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Defendant's Conduct Was Not Arbitrary)

As a fourteenth and separate affirmative defense, Defendants allege that their activities with respect to applicants or residents, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or business related reasons and were neither arbitrary, capricious, nor unlawful.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Defendant's Conduct Not Intentional)

As a fifteenth and separate affirmative defense, Defendants allege that the discriminatory conduct alleged by Plaintiffs, if any, was not intentional.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Meal Tray Policies Are A Reasonable Accommodation)

As a sixteenth and separate affirmative defense, Defendants allege that the guidelines regarding the use of meal trays are interpreted and applied so as to provide a reasonable accommodation to handicapped or disabled persons.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(No Undue Hardship)

As a seventeenth and separate affirmative defense, Defendants allege that the guidelines regarding the use of meal trays do not impose an undue hardship on handicapped or disabled persons.

ANSWER TO FIRST AMENDED COMPLAINT

1382093.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Disparate Impact)

As an eighteenth and separate affirmative defense, Defendants allege that the guidelines regarding the use of meal trays do not cause a disparate impact on any person.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a nineteenth and separate affirmative defense, Defendants allege that Plaintiffs' Complaint, and each purported cause of action contained therein, is barred by the doctrine of estoppel based on Plaintiffs' own conduct, acts, and omissions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

As a twentieth and separate affirmative defense, Defendants allege that Plaintiffs' Complaint is barred, in whole or in part, by the applicable statute(s) of limitation including but not limited to CCP §§ 337 and 343.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Defendant's Conduct In Compliance With California Law)

As a twenty-first and separate affirmative defense, Defendants allege that Defendants' activities with respect to applicants or residents, if any, were required, privileged or otherwise justified under California law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiffs Not Qualified Disabled Persons)

As a twenty-second and separate affirmative defense, Defendants allege that Plaintiffs are not qualified individuals with a disability as they pose a significant risk or direct threat to the health and safety of themselves or others.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiffs Not Qualified Disabled Persons)

As a twenty-third and separate affirmative defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, because with or without reasonable accommodation,

- 20 -

1382093.1

Plaintiffs failed to meet the basic requirements of tenancy such as safety, rudimentary self-care and non-disruptive cohabitation with others.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Compensatory Or Monetary Damages)

As a twenty-fourth and separate affirmative defense, Defendants allege that Plaintiffs' Complaint fails to state any claim for relief upon which compensatory or monetary damages may be awarded.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Full Access To Facilities)

As a twenty-fifth and separate affirmative defense, Defendants allege that at no time did Defendants' policies and procedures result in less than full access for handicapped or disabled persons at Defendants' facility.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Liability For Employees Acting Outside Scope)

As a twenty-sixth and separate affirmative defense, Defendants allege, on information and belief, that to the extent any employee or agent of Defendants are shown to have acted outside the course of his or her duties, Defendants may not be held liable for such acts.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Actions Undertaken With Due Care And In Good Faith)

As a twenty-seventh and separate affirmative defense, Defendants allege that at all relevant times, Defendants and their agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their responsibilities in accordance with applicable statutes, rules, regulations, and established procedures and practices, within the bounds of reason under all circumstances known to them, and with the good faith belief that their actions comported with all applicable federal and state laws.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Third Party Liability)

As a twenty-eighth and separate affirmative defense, Defendants allege that to the extent

- 21 -

1382093.1

1    Plaintiffs have suffered any injury, the injury is due in whole or in part to persons or forces other

2    than Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Defendants Offer Lodging)

5    As a twenty-ninth and separate affirmative defense, Defendants allege that Redwood

6    Retirement Residence is a residential retirement facility pursuant to Civil Code Section 1833 *et*

7    *seq.* and not a residential rental property subject to Civil Code Section 1949 *et seq.*

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Residential Retirement Facility)

10    As a thirtieth and separate affirmative defense, Defendants allege that Redwood

11    Retirement Residence is not licensed to provide the accommodations or level of care requested or

12    needed by Plaintiffs, i.e., an assisted living facility subject to Health and Safety Code section

13    1569 *et seq.*

14    WHEREFORE, Defendants pray as follows:

15    1.    That Plaintiffs take nothing by this action;

16    2.    That judgment be entered in Defendants' favor;

17    3.    That Defendants recover their costs in this proceeding, including reasonable

18    attorneys' fees; and

19    4.    That the Court grant such other and further relief as it deems appropriate.

20    DATED:  December 7, 2007          HANSON BRIDGETT MARCUS
                                        VLAHOS & RUDY, LLP
21

22

23    By:/s/ Kurt A. Franklin
      _____
      KURT A. FRANKLIN
      SARAH D. MOTT
24    MOLLY A. LEE
      Attorneys for Defendants
25    HARVEST REDWOOD RETIREMENT
      RESIDENCE, L.L.C., doing business as
26    Redwood Retirement Residence,
      RETIREMENT RESIDENCE, L.L.C.; and
27    HOLIDAY RETIREMENT CORP.

28

- 22 -