1  HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
   KURT A. FRANKLIN - 172715
2  SARAH D. MOTT - 148597
   MOLLY A. LEE - 232477
3  kfranklin@hansonbridgett.com
   smott@hansonbridgett.com
4  mlee@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, CA  94105
   Telephone:     (415) 777-3200
6  Facsimile:     (415) 541-9366

7  Attorneys for Defendants
   HARVEST REDWOOD RETIREMENT RESIDENCE,
8  L.L.C., doing business as Redwood Retirement Residence,
   RETIREMENT RESIDENCE, L.L.C.; and HOLIDAY
9  RETIREMENT CORP.

10 BRANCART & BRANCART
   CHRISTOPHER BRANCART (SBN 128475)
11 LIZA CRISTOL-DEMAN (SBN 190516)
   Post Office Box 686
12 Pescadero, CA  94060
   cbrancart@brancart.com
13 lcristoldeman@brancart.com
   Telephone:     (650) 879-0141
14 Fax:           (650) 879-1103

15 Attorneys for all Plaintiffs

16 PROTECTION & ADVOCACY, INC.
   STUART SEABORN (SBN 198590)
17 DARA SCHUR (SBN 98638)
   ERIC GELBER (SBN 95256)
18 100 Howe Ave. Suite 235N
   Sacramento, CA  95825
19 stuart.seaborn@pai-ca.org
   Telephone:     (916) 488-9950
20 Fax:           (916) 488-9960

21 Attorneys for Ruby Duncan, Eva Northern
   and Class Plaintiffs Only

22              **UNITED STATES DISTRICT COURT**

23          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

24

25

26

27

28
                                - 1 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
(CASE NO. C 07 3652 PJH)                        1391461.1

| | |
|---|---|
| 1 GREATER NAPA FAIR HOUSING CENTER, a California Not for Profit Corporation, doing business as FAIR HOUSING NAPA VALLEY, as an individual entity only; EVA NORTHERN, an incompetent adults, by and through her Guardian ad Litem, NANCY NORTHERN; MARIE BROMAN; and AL FOURNIER, each individually and on behalf of individuals similarly situated; NANCY NORTHERN, in her individual capacity only; and LOUISE WHITAKER, in her individual capacity and as Successor in Interest to Ruby Duncan, | No. C 07 3652 PJH  **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1  GREATER NAPA FAIR HOUSING
   CENTER, a California Not for Profit
2  Corporation, doing business as FAIR
   HOUSING NAPA VALLEY, as an
3  individual entity only; EVA NORTHERN,
   an incompetent adults, by and through her
4  Guardian ad Litem, NANCY
   NORTHERN; MARIE BROMAN; and AL
5  FOURNIER, each individually and on
   behalf of individuals similarly situated;
6  NANCY NORTHERN, in her individual
   capacity only; and LOUISE WHITAKER,
7  in her individual capacity and as Successor
   in Interest to Ruby Duncan,
8
9                              Plaintiffs,
10         v.
11  HARVEST REDWOOD RETIREMENT
    RESIDENCE, L.L.C., doing business as
12  Redwood Retirement Residence;
    REDWOOD RETIREMENT RESIDENCE
13  L.L.C.; and HOLIDAY RETIREMENT
    CORP.,
14                            Defendants.
15

No. C 07 3652 PJH

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

16      1.      <u>PURPOSES AND LIMITATIONS</u>

17          Disclosure and discovery activity in this action are likely to involve production of

18  confidential, proprietary, or private information for which special protection from public

19  disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

20  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

21  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

22  all disclosures or responses to discovery and that the protection it affords extends only to the

23  limited information or items that are entitled under the applicable legal principles to treatment as

24  confidential. The parties further acknowledge, as set forth in Section 10, below, that this

25  Stipulated Protective Order creates no entitlement to file confidential information under seal;

26  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

27  that will be applied when a party seeks permission from the court to file material under seal.

28

1391461.1

2.    <u>DEFINITIONS</u>

2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11    <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

- 3 -

1    2.12    Expert: a person with specialized knowledge or experience in a matter

2  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

3  witness or as a consultant in this action and who is not a past or a current employee of a Party or

4  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

5  employee of a Party or a competitor of a Party's. This definition includes a professional jury or

6  trial consultant retained in connection with this litigation.

7    2.13    Professional Vendors: persons or entities that provide litigation support

8  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

9  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

10  subcontractors.

11    3.    SCOPE

12    The protections conferred by this Stipulation and Order cover not only Protected Material

13  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

14  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

15  parties or counsel to or in court or in other settings that might reveal Protected Material.

16    4.    DURATION

17    Even after the termination of this litigation, the confidentiality obligations imposed by this

18  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

19  otherwise directs.

20    5.    DESIGNATING PROTECTED MATERIAL

21    5.1    Exercise of Restraint and Care in Designating Material for Protection.

22  Each Party or non-party that designates information or items for protection under this Order must

23  take care to limit any such designation to specific material that qualifies under the appropriate

24  standards. A Designating Party must take care to designate for protection only those parts of

25  material, documents, items, or oral or written communications that qualify – so that other portions

26  of the material, documents, items, or communications for which protection is not warranted are

27  not swept unjustifiably within the ambit of this Order.

28    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

- 4 -

1   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

2   unnecessarily encumber or retard the case development process, or to impose unnecessary

3   expenses and burdens on other parties), expose the Designating Party to sanctions.

4       If it comes to a Party's or a non-party's attention that information or items that it

5   designated for protection do not qualify for protection at all, or do not qualify for the level of

6   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

7   withdrawing the mistaken designation.

8       5.2    Manner and Timing of Designations. Except as otherwise provided in this

9   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

10  material that qualifies for protection under this Order must be clearly so designated before the

11  material is disclosed or produced.

12      Designation in conformity with this Order requires:

13      (a)    for information in documentary form (apart from transcripts of

14  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

16  of each page that contains protected material.  If only a portion or portions of the material on a

17  page qualifies for protection, the Producing Party also must clearly identify the protected

18  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

19  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

21      A Party or non-party that makes original documents or materials available for inspection

22  need not designate them for protection until after the inspecting Party has indicated which

23  material it would like copied and produced. During the inspection and before the designation, all

24  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

25  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

26  copied and produced, the Producing Party must determine which documents, or portions thereof,

27  qualify for protection under this Order, then, before producing the specified documents, the

28  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

- 5 -

1    CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains

2    Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

3    the Producing Party also must clearly identify the protected portion(s) (e.g., by making

4    appropriate markings in the margins) and must specify, for each portion, the level of protection

5    being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

6    EYES ONLY").

7                (b)    for testimony given in deposition or in other pretrial or trial

8    proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

9    record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

10   and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

11   ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

12   testimony that is entitled to protection, and when it appears that substantial portions of the

13   testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

14   testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

15   have up to 20 days to identify the specific portions of the testimony as to which protection is

16   sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

18   are appropriately designated for protection within the 20 days shall be covered by the provisions

19   of this Stipulated Protective Order.

20        Transcript pages containing Protected Material must be separately bound by the court

21   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

22   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-

23   party offering or sponsoring the witness or presenting the testimony.

24                (c)    for information produced in some form other than documentary,

25   and for any other tangible items, that the Producing Party affix in a prominent place on the

26   exterior of the container or containers in which the information or item is stored the legend

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

28   portions of the information or item warrant protection, the Producing Party, to the extent

- 6 -

1    practicable, shall identify the protected portions, specifying whether they qualify as

2    "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

3        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

4    failure to designate qualified information or items as "Confidential" or "Highly Confidential —

5    Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

6    protection under this Order for such material.  If material is appropriately designated as

7    "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially

8    produced, the Receiving Party, on timely notification of the designation, must make reasonable

9    efforts to assure that the material is treated in accordance with the provisions of this Order.

10        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

11        6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

12    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

13    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

14    waive its right to challenge a confidentiality designation by electing not to mount a challenge

15    promptly after the original designation is disclosed.

16        6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

17    Designating Party's confidentiality designation must do so in good faith and must begin the

18    process by conferring directly (in voice to voice dialogue; other forms of communication are not

19    sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

20    explain the basis for its belief that the confidentiality designation was not proper and must give

21    the Designating Party an opportunity to review the designated material, to reconsider the

22    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

23    designation.  A challenging Party may proceed to the next stage of the challenge process only if it

24    has engaged in this meet and confer process first.

25        6.3    Judicial Intervention.  A Party that elects to press a challenge to a

26    confidentiality designation after considering the justification offered by the Designating Party

27    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

28    79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

1    challenge. Each such motion must be accompanied by a competent declaration that affirms that

2    the movant has complied with the meet and confer requirements imposed in the preceding

3    paragraph and that sets forth with specificity the justification for the confidentiality designation

4    that was given by the Designating Party in the meet and confer dialogue.

5         The burden of persuasion in any such challenge proceeding shall be on the Designating

6    Party. Until the court rules on the challenge, all parties shall continue to afford the material in

7    question the level of protection to which it is entitled under the Producing Party's designation.

8         7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9         7.1   Basic Principles. A Receiving Party may use Protected Material that is

10    disclosed or produced by another Party or by a non-party in connection with this case only for

11    prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

12    disclosed only to the categories of persons and under the conditions described in this Order.

13    When the litigation has been terminated, a Receiving Party must comply with the provisions of

14    section 11, below (FINAL DISPOSITION).

15         Protected Material must be stored and maintained by a Receiving Party at a location and

16    in a secure manner that ensures that access is limited to the persons authorized under this Order.

17         7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

18    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

19    disclose any information or item designated CONFIDENTIAL only to:

20         (a)    the Receiving Party's Outside Counsel of record in this action, as

21    well as employees of said Counsel to whom it is reasonably necessary to disclose the information

22    for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

23    attached hereto as Exhibit A;

24         (b)    the officers, directors, and employees (including House Counsel) of

25    the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

26    signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
(CASE NO. C 07 3652 PJH)

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(a)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), [*Optional*: and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed];

(b)     the Court and its personnel;

- 9 -

1        (c)    court reporters, their staffs, and professional vendors to whom

2  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

3  Bound by Protective Order" (Exhibit A); and

4        (d)    the author of the document or the original source of the

5  information. [*Optional*:

6        7.4   Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL —

7  ATTORNEYS' EYES ONLY" Information or Items to "Experts"

8        (a)    Unless otherwise ordered by the court or agreed in writing by the

9  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

10  information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS'

11  EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

12  specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

13  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

14  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

15  current employer(s), (5) identifies each person or entity from whom the Expert has received

16  compensation for work in his or her areas of expertise or to whom the expert has provided

17  professional services at any time during the preceding five years, and (6) identifies (by name and

18  number of the case, filing date, and location of court) any litigation in connection with which the

19  Expert has provided any professional services during the preceding five years.

20        (b)    A Party that makes a request and provides the information specified

21  in the preceding paragraph may disclose the subject Protected Material to the identified Expert

22  unless, within seven court days of delivering the request, the Party receives a written objection

23  from the Designating Party. Any such objection must set forth in detail the grounds on which it is

24  based.

25        (c)    A Party that receives a timely written objection must meet and

26  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

27  matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the

28  Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

- 10 -

1  Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

2  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

3  to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

4  suggest any additional means that might be used to reduce that risk.  In addition, any such motion

5  must be accompanied by a competent declaration in which the movant describes the parties'

6  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

7  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

8  approve the disclosure.

9       In any such proceeding the Party opposing disclosure to the Expert shall bear the burden

10 of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

11 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

12      8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
   OTHER LITIGATION.

13      If a Receiving Party is served with a subpoena or an order issued in other litigation that

14 would compel disclosure of any information or items designated in this action as

15 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the

16 Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

17 and in no event more than three court days after receiving the subpoena or order. Such

18 notification must include a copy of the subpoena or court order.

19      The Receiving Party also must immediately inform in writing the Party who caused the

20 subpoena or order to issue in the other litigation that some or all the material covered by the

21 subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

22 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

23 caused the subpoena or order to issue.

24      The purpose of imposing these duties is to alert the interested parties to the existence of

25 this Protective Order and to afford the Designating Party in this case an opportunity to try to

26 protect its confidentiality interests in the court from which the subpoena or order issued.  The

27 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

28

- 11 -

1   confidential material – and nothing in these provisions should be construed as authorizing or

2   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

3      9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5   Material to any person or in any circumstance not authorized under this Stipulated Protective

6   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

8   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

9   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

10  Be Bound" that is attached hereto as Exhibit A.

11     10.   FILING PROTECTED MATERIAL.

12     Without written permission from the Designating Party or a court order secured after

13  appropriate notice to all interested persons, a Party may not file in the public record in this action

14  any Protected Material. A Party that seeks to file under seal any Protected Material must comply

15  with Civil Local Rule 79-5.

16     11.   FINAL DISPOSITION.

17     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

18  after the final termination of this action, each Receiving Party must return all Protected Material

19  to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

20  abstracts, compilations, summaries or any other form of reproducing or capturing any of the

21  Protected Material.  With permission in writing from the Designating Party, the Receiving Party

22  may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

23  Material is returned or destroyed, the Receiving Party must submit a written certification to the

24  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

25  deadline that identifies (by category, where appropriate) all the Protected Material that was

26  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

27  abstracts, compilations, summaries or other forms of reproducing or capturing any of the

28  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

- 12 -

1  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

2  work product, even if such materials contain Protected Material.  Any such archival copies that

3  contain or constitute Protected Material remain subject to this Protective Order as set forth in

4  Section 4 (DURATION), above.

5          12.    MISCELLANEOUS

6                 12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

7  person to seek its modification by the Court in the future.

8                 12.2    Right to Assert Other Objections.  By stipulating to the entry of this

9  Protective Order no Party waives any right it otherwise would have to object to disclosing or

10  producing any information or item on any ground not addressed in this Stipulated Protective

11  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

12  the material covered by this Protective Order.

13  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14  DATED:  ____December 12, 2007_____          _____/s/ Liza Cristol-Deman_____
                                                                        Attorneys for Plaintiffs
15

16  DATED:  ____December 12, 2007_____          _____/s/ Kurt A. Franklin_____
                                                                        Attorneys for Defendants
17

18

19  PURSUANT TO STIPULATION, IT IS SO ORDERED.

20  DATED: _____          _____

21                                                                        Hon. Phyllis J. Hamilton
                                                                        United States District Judge

22

23

24

25

26

27

28

- 13 -